In re Balbir Singh TULI, Debtor.

Balbir Singh Tuli, Appellant,

v.

Sprecher Energie A.G.; Sprecher + Schuh Group, Appellees.

Nos. 99–16871, 99–16910.
BAP Nos. AZ–97–01124–PRMe, AZ–97–01421–PRMe (Consolidated), AZ–98–1410–PRMe (Related).

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001 *.

Decided June 15, 2001.

---

\* The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before HILL,** GRABER, and McKEOWN, Circuit Judges.

### MEMORANDUM ***

Plaintiff Balbir Singh Tuli appeals pro se three orders of the bankruptcy court, relating to an adversary proceeding that he instituted against two Swiss companies. The Bankruptcy Appellate Panel (BAP) affirmed, as do we.

1. *Dismissal Without Prejudice of Plaintiff's Adversary Claim*

   ▇ In 1992, Plaintiff commenced an arbitration against Defendants before the In-

---

** The Honorable James C. Hill, Senior Circuit Judge for the Eleventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ternational Chamber of Commerce (ICC) in Paris, as required by the relevant subcontracts for work on an Iraqi power station. A few weeks later, he filed an adversary proceeding against Defendants in bankruptcy court, pertaining to the same subcontracts.

In 1997, the bankruptcy court dismissed the adversary proceeding without prejudice. One of the alternative grounds for dismissal was failure to prosecute.

The bankruptcy court did not abuse its discretion. The ICC dismissed the arbitration in 1994, in part because Plaintiff had not paid the required fees. He did not restart the arbitration. Later in 1994, the bankruptcy court told Plaintiff that he had to file a motion to vacate the stay if he wanted to resume the adversary proceeding. He had not done so for 20 months when the bankruptcy court entered an order to show cause why the adversary proceeding should not be dismissed for failure to prosecute.

Plaintiff's main argument is that the bankruptcy court did not dismiss for failure to prosecute, but only abstained under 28 U.S.C. § 1334(c)(1). We read the court's order, however, as dismissing the proceeding on two independent and alternative grounds, one of which was failure to prosecute. That ground for dismissal was proper in the circumstances.

### 2. Interlocutory Orders

■ Plaintiff also challenges three interlocutory orders pertaining to the adversary proceeding. We agree with the BAP that such orders may not be reviewed when the appeal is from a dismissal without prejudice for lack of prosecution. *Ash v. Cvetkov*, 739 F.2d 493, 497–98 (9th Cir. 1984).

### 3. Defendants' Motion to Amend

■ In 1998, the bankruptcy court confirmed Plaintiff's plan under Chapter 11. The order preserved all claims that Plaintiff had against Defendants. Defendants moved to amend the order to clarify that, if Plaintiff eventually recovers damages under the Iraqi subcontracts, then Defendants' claims for setoffs against those damages are preserved. The court made that amendment, which Plaintiff now disputes.

■ Specifically, he argues that any setoff was discharged automatically when the plan was confirmed. To the contrary, this court has held that, under 11 U.S.C. § 553(a), pre-petition rights to a setoff (like those that Defendants assert here) survive the general discharge of debts that occurs, under 11 U.S.C. § 1141, when a plan is confirmed. *Carolco Television, Inc. v. Nat'l Broad. Co. (In re De Laurentiis Entm't Group Inc.)*, 963 F.2d 1269, 1276 (9th Cir.1992).

Plaintiff argues that Defendants' generally bad conduct during the course of this long-running dispute should create an exception to the rule in § 553(a). That statute contains three exceptions, none of which is implicated here, and none of which supports Plaintiff's theory. Accordingly, the amendment was permissible.

### 4. Withdrawal of Proofs of Claim

■ In 1996, Plaintiff filed two proofs of claim in bankruptcy court, against himself and on behalf of Defendants, without Defendants' knowledge or consent. The bankruptcy court granted Defendants' motion to withdraw those claims.

At the time Plaintiff filed the proofs of claim, the adversary proceeding to which they referred was stayed so that the parties could arbitrate their dispute before the ICC. Thus, the proofs of claim relate to debts that were not before the bank-

ruptcy court at the time they were filed. In the circumstances, Plaintiff could not have been prejudiced, and the bankruptcy court did not abuse its discretion in allowing Defendants to withdraw the proofs of claim.

AFFIRMED.