**In re: Balbir Singh TULI, Debtor,**

**Balbir Singh Tuli, Appellant,**

v.

**Sprecher + Schuh Group;
et al., Appellees.**

**No. 04–15869.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 16, 2005.

Balbir Singh Tuli, Scottsdale, AZ, for Appellant.

Scott B. Cohen, Esq., Scottsdale, AZ, Adam B. Nach, Esq., Lane & Nach, P.C., Phoenix, AZ, for Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

### MEMORANDUM **

Balbir Singh Tuli appeals pro se from the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's denial of Tuli's motion to treat his prior motions to renew and reinstate as motions to withdraw the reference to district court or in the alternative to transfer his case to a district court in another state. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We treat the denial of Tuli's motion as a denial of reconsideration and review for abuse of discretion the bankruptcy court's decision.[1] *See Weiner v. Perry, Settles & Lawson, Inc. (In re Weiner)*, 161 F.3d 1216, 1217 (9th Cir.1998) (noting that this court reviews the bankruptcy court's orders independently of the BAP's decision). We affirm.

The bankruptcy court acted within its discretion when it declined to reopen adversary proceedings it had dismissed over five years earlier for failure to prosecute, because Tuli demonstrated no extraordinary circumstances and did not explain or excuse his own delays and failure to file his action in another forum. *See Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 864, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988) ("[Federal Rule of Civil Procedure 60(b)(6) ] should only be applied in 'extraordinary circumstances' "); *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.1993) (noting

that relief under Rule 60(b)(6) is unavailable where "the party seeking reconsideration has ignored normal legal recourses") (internal citations omitted).

Tuli's contention regarding abstention is effectively foreclosed by our decision in his prior appeal. *See Tuli v. Sprecher Energie A.G. (In re Tuli)*, 21 Fed. Appx. 567, 569 (9th Cir.2001).

Tuli's remaining contentions lack merit.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Unless the bankruptcy court vacates its dismissal, no adversary proceeding exists for transfer or withdrawal of reference.