208 B.R. 69 (1997)
In re Steven L. WEINER and Katherine D. Weiner, Debtors.
Steven L. WEINER, Appellant,
v.
PERRY, SETTLES & LAWSON, INC. and William Broach, Trustee, Appellees.
BAP No. NC-95-1856-HRyO, Bankruptcy No. 90-04908 TR-3, Adversary No. 91-4393 AT.
United States Bankruptcy Appellate Panel of the Ninth Circuit.
Argued and Submitted February 20, 1997.
Decided April 18, 1997.
*70 Lynn Anderson Koller, Tucson, AZ, for Appellant.
Charles A. Koss, Gagen, McCoy, McMahon & Armstrong, Danville, CA, for Appellees.
Before HAGAN, RYAN, and OLLASON, Bankruptcy Judges.

OPINION
HAGAN, Bankruptcy Judge:
Steven L. Weiner ("Debtor") appeals an order of the court denying him a discharge under 11 U.S.C. § 727, and an order denying his motion for reconsideration under Fed. R.Bankr.P. 7052. Perry, Settles & Lawson ("Appellee"), a creditor of the Debtors, appears as Appellee. We AFFIRM.

RECORD OF PROCEEDINGS
On June 28, 1990, the Debtor and his wife, Katherine Weiner, filed for relief under chapter 11, title 11, United States Code.[1] The case was voluntarily converted to chapter 7 on April 29, 1991. Appellee, a marketing firm, filed an adversary proceeding to determine the dischargeability of the debt owed to them and alleging the Weiners filed knowingly false schedules under section 727.[2] Following trial, on March 11, 1992, the court held the debt owed to Appellee was non-dischargeable under section 523 and denied discharge to Debtor Steven Weiner based on the undervaluation of a diamond ring listed on the schedules.[3] The court found that Katherine Weiner had signed the schedules without understanding the significance of the ring valuation and granted her a discharge. The court ordered Appellee's counsel to submit a proposed order. On May 11, 1995, prior to the entry of judgment, the Debtor filed a motion to amend the finding and alternatively, a motion for new trial pursuant to Rules 7052 and 9023. These motions were denied, following hearing, on July 27, 1995. On July 28, 1995, an order was entered denying discharge. The Debtor timely appealed the denial of discharge.

ISSUES ON APPEAL
1. Did the bankruptcy court err in denying Debtor's discharge.
2. Did the court err in denying the motion to alter judgment and motion for new trial.

STANDARD OF REVIEW
We review a denial of discharge for "gross abuse of discretion." Finalco v. Roosevelt (In re Roosevelt), 87 F.3d 311, 313 (9th Cir.1996); See In re Cox, 904 F.2d 1399 (9th Cir.1990)(Discharge is a matter generally left to the sound discretion of the bankruptcy judge, we disturb this determination only if we find a gross abuse of discretion).

*71 DISCUSSION
I. Denial of Discharge under section 727(a)(4)(A).
The court denied the Debtor a discharge under section 727(a)(4)(A) based on a finding the Debtor falsely valued a ring listed on his schedules solely to come within the statutory exemption. Under California law, the Weiners were entitled to a single $2,500.00 exemption for jewelry, heirlooms, and works of art.[4] The Weiners had listed a 2 carat diamond, 14K gold ring on the schedules along with other jewelry as having a total value of $2,500.00. Testimony by the Debtor revealed the ring had been purchased in 1988 as an anniversary gift for his wife; he had paid $6,000.00 for this ring in a commercial jewelry store, and the ring had a full replacement value insurance policy, for $21,000.00. The court denied discharge only as to the Debtor and stated:
The only factor that I'm considering is the ring. . . . But on the ring the evidence was very clear. It was a simple issue. . . . I was impressed with the fact that Mr. Weiner paid $6,000 for the ring. And I don't think that he reasonably believed that the value of that ring and the other jewelry that they had  and I think the category includes some other items, too  totalled only $2,500.
I was not convinced by Mr. Weiner's testimony that he believed, because it referred to a joint asset, that that meant you would double the value and it was really $5,000 that he was disclosing.
And I wasn't convinced by his testimony that he believed that you only had to list the net value above your exempt amount as your property in that category. Mr. Weiner's an attorney. He's done bankruptcy work. I just was not persuaded.
The Debtor alleges the court erred in denying discharge under section 727(a)(4)(A) because undervaluation of an asset is an insufficient basis for denying discharge. See In re Blum, 41 B.R. 816, 819 (Bankr.S.D.Fla.1984)(Failure of the debtor to properly value two automobiles on his schedules was an insufficient ground for discharge since the automobiles were disclosed on debtor's schedules to the Trustee who was afforded an opportunity to make an independent appraisal of their value). See also In re Wines, 114 B.R. 794, 797 (Bankr.S.D.Fla.1990)(Undervaluation of assets which are otherwise properly listed in a debtor's schedules is not sufficient to warrant a denial of discharge). This argument is not applicable to the facts of this case. In the cases cited by the Debtor, the court did not find the debtors had falsely undervalued the assets. In the instant case, the court did not find the Debtor merely undervalued the ring, but instead found the Debtor had deliberately and falsely valued the ring to come within the exemption.
The Debtor further alleges that any false statement made by him was not material, an element necessary for denial of discharge in this Circuit, therefore, his discharge should have been granted. Section 727(a)(4)(A) provides:
(a) The court shall grant the debtor a discharge, unless 
(4) the debtor knowingly and fraudulently, in or in connection with the case 
(A) made a false oath or account.
11 U.S.C. § 727(a)(4)(A). In addition, the false statement must relate materially to the bankruptcy case. See Aubrey v. Thomas (In re Aubrey), 111 B.R. 268, 274 (9th Cir. BAP1990); see also Garcia v. Coombs (In re Coombs), 193 B.R. 557, 563 (Bankr.S.D.Cal. 1996). The requirement of materiality, while not an element listed in section 727(a)(4)(A), conforms with the "fresh start" purpose of bankruptcy. The general principle regarding objections to discharge under section 727 are to be literally and strictly construed against the creditor and liberally in favor of the debtor. See In re Coombs, 193 B.R. at *72 560. "The purpose of these requirements [under section 727(a)(4)(A),] is to insure that those interested in the case, in particular the trustee, have accurate information upon which they can rely without having to dig out the true facts or conduct examinations." Id. at 564; quoting In re Lunday, 100 B.R. 502, 508 (Bankr.D.N.D.1989).
In determining whether the false statement is material, the court looks to whether the statement bears a relationship to the debtor's estate, and concerns the discovery of assets, or the existence and disposition of his property. See Chalik v. Moorefield (In re Chalik), 748 F.2d 616, 618 (11th Cir.1984). "The recalcitrant debtor may not escape a section 727(a)(4)(A) denial of discharge by asserting that the admittedly omitted or falsely stated information concerned a worthless relationship or holding; such a defense is specious." Id. at 618. In the instant case the court found the Debtor's valuation of the ring in the schedules to be a deliberate, and knowingly false statement to the court. This false statement is obviously material to the case, since the Debtor valued the asset to prevent it from being used to pay his creditors. While the Debtor alleges the false statement is not material, he offers no evidence beyond this bare allegation. The Debtor sought the protection of the bankruptcy court and failed in his duty to faithfully participate in the process by manipulating both the schedules and his testimony to retain possession of the ring. Nothing in the evidence presented to this Panel indicates that the court abused its discretion in denying the discharge under section 727(a)(4)(A).
II. Motion for Reconsideration.
The Debtor alleges the motion for reconsideration under Fed.R.Civ.P. 52, applicable pursuant to Rule 7052, should have been granted based on the new evidence presented. Under Fed.R.Civ.P. 52:[5]
Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59. When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the district court an objection to such findings or has made a motion to amend or a motion for judgment.
Fed.R.Civ.P. 52 requires that the motion for reconsideration be filed within 10 days after the entry of the judgement. Because the motion was filed prior to the entry of judgment, it was timely under Fed.R.Civ.P. 52. See Fed.R.Civ.P. 52(b).
To warrant alteration or amendment of the court's decision the moving party must show: (a) manifest error of law and fact, or (b) the existence of newly discovered evidence which was not available at the time of the original hearing. In re Tyrone F. Conner Corporation, Inc., 140 B.R. 771, 784 (Bankr.E.D.Ca.1992).
An appraisal conducted following the discharge hearing valued the ring below the statutory exemption. The Debtor argues this is newly discovered evidence and accordingly, the court should amend its ruling since the denial of discharge was based on the valuation of the ring.
The court addressed the issue of this later appraisal in its initial ruling:
The argument is made that the trustee is investigating these  the ring, the value of the ring and the other assets  and the estate's not going to be harmed. If there is value to be captured for the estate, it's going to be captured. And I have to admit, that gives me some pause. Because denying a debtor's discharge is a very harsh remedy, and I don't do it lightly. But the seriousness of signing a schedule under penalty of perjury has to be upheld. And since I'm convinced that the valuation of this category of assets was designed to come within the limits of the exempt amount and was not what Mr. Weiner believed to be the amount of assets in that *73 category, I think I have to deny him the discharge.
At the July 27, 1996, hearing on the motion, the court was not persuaded that the appraiser's valuation was newly discovered evidence:
I don't think discovering evidence after the fact that was not available at the time of trial involves something that happened after the trial. You're basically saying I'm not the trier of fact, some appraiser that appraised the ring after the trial took place is the trier of fact.
The Debtor argues the court is deferring blindly to the judicial process and the denial of the motion makes no sense, and the court's failure to look at this new piece of evidence is a miscarriage of justice.
A review of the evidence presented indicates the Debtor testified extensively regarding the ring and the circumstances surrounding its purchase, as well as its listing and valuation on his schedules. It is clear that the court was persuaded by the demeanor and testimony of the Debtor as a witness. The trial court is in the best position to judge the credibility of the parties. The court found that the Debtor "knowingly made a false oath" under section 727(a)(4)(A). This is sufficient to deny a discharge. The newly discovered evidence, was merely a valuation of the evidence, and could have been accomplished before the discharge hearing. In addition, this evidence was considered by the court and held insufficient to alter the finding the Debtor knowingly valued the property, not at its true value, but at an amount within the statutory limits. The Debtor has provided no evidence to indicate that the court erred in its ruling.
III. Exemption of the asset as wearing apparel.
Finally, the Debtor alleges the denial of discharge was in error because the court should have exempted the ring under Cal.Code.Civ.P. § 704.020, as wearing apparel. While wedding rings have been considered apparel under the statute, the testimony by the Debtor indicating the ring had been purchased within the last two years because Katherine liked it, and the listing of two other wedding rings as exempt do not support this allegation.

CONCLUSION
Review of the record provided indicates the evidence supports the decision of the bankruptcy court denying the Debtor a discharge.
The Debtor did not present evidence to the bankruptcy court that was newly discovered, a requirement for reconsideration under Fed. R.Civ.P. 52, and the court properly denied relief. We AFFIRM.
NOTES
[1] Unless otherwise indicated, all references to "chapter" and "section" are to the Bankruptcy Code, 11 U.S.C. § 101-1330, and all references to "rule" are to the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.") XXXX-XXXX, which make applicable certain Federal Rules of Civil Procedure ("Fed.R.Civ.P.")
[2] These facts are derived from the representations of the parties, and were not provided in the record on appeal.
[3] The Weiners paid the debt owed to Appellee prior to the motion for reconsideration.
[4] Cal.Code.Civ.P. § 704.040. This section was amended in 1995 to double the exemption amount. Since this case occurred prior to the amendment, the lower amount of $2,500 is applicable.

Under Cal.Code.Civ.P. § 703.110 married judgment debtors are entitled to only one exemption under § 704.040.
[5] This rule was in effect until December 1, 1995, and is relevant to this appeal.