T.G. NELSON, Circuit Judge:
 

 Steven L. Weiner, a Chapter 7 debtor, appeals the Bankruptcy Appellate Panel’s (“BAP’s”) affirmance of the bankruptcy .court’s order denying him a discharge under 11 U.S.C. § 727(a)(4)(A). We have jurisdiction under 28 U.S.C. § 158(d). Because we hold that the bankruptcy court abused its discretion when it entered the order denying the discharge, we reverse.
 

 I.
 

 Steven Weiner, an attorney who specializes in personal injury litigation, filed a Chapter 11 voluntary bankruptcy petition in June 1990, which he subsequently converted to Chapter 7 in April 1991.
 
 [1]
 
 On his Schedule B-2, Personal Property, Weiner listed, among other things, “jewelry, wedding rings, etc.” valued at $2,500.
 

 Perry, Settles & Lawson, Inc. (“Perry”), a creditor of Weiner, filed an adversary proceeding seeking denial of a general discharge under 11 U.S.C. § 727(a)(4)(A).
 
 [2]
 
 The § 727 claim alleged, among other things, that Weiner had made a false oath in the valuation of his personal property, specifically, a “wedding” ring. After holding a bench trial, the bankruptcy court issued an oral ruling denying Weiner a general discharge under § 727 based on its finding that he made a false oath as to the value of the ring. At the hearing, the bankruptcy court was told that the trustee had hired an appraiser to value the jewelry.
 

 Several months later, Weiner moved the court to reconsider its oral ruling or for a new trial in light of the trustee-ordered appraisal that valued the ring for less than the $2,500 value Weiner had listed on the schedule. The bankruptcy court denied the motion. The bankruptcy court later entered a written order denying Weiner a general discharge under 11 U.S.C. § 727(a)(4)(A).
 

 The bankruptcy court’s denial of a general discharge was affirmed on appeal to the BAP.
 
 [3]
 
 Weiner timely appeals to this court.
 

 
 *1218
 
 II.
 

 We review the bankruptcy court’s orders independently of the BAP’s decision.
 
 In re Saylor,
 
 108 F.3d 219, 220 (9th Cir.1997). We review the bankruptcy court’s denial of a motion for reconsideration for an abuse of discretion.
 
 See In re Donovan,
 
 871 F.2d 807, 808 (9th Cir.1989). The bankruptcy court’s decision on a motion to reopen or to supplement the trial record is also reviewed for an abuse of discretion.
 
 See In re Lindsay,
 
 59 F.3d 942, 950 (9th Cir.1995).
 

 III.
 

 We must determine whether the bankruptcy court abused its discretion in denying Weiner’s motion to reconsider its oral ruling denying him a discharge under § 727.
 
 [4]
 
 We hold that it did.
 

 Of primary significance to the bankruptcy court’s holding of nondischargability was its finding that Weiner had misrepresented the value of the ring on his schedule of personal property. The bankruptcy court initially announced this finding in an oral ruling. Prior to issuing its oral ruling, the bankruptcy court was informed that the trustee had ordered an appraisal of Weiner’s personal property, including the ring. As to the pending appraisal, the court responded:
 

 The argument is made that the trustee is investigating these-the ring, the value of the ring and the other assets-and the estate’s not going to be harmed. If there is value to be captured for the estate, it’s going to be captured. And I have to admit, that gives me some pause. Because denying a debtor’s discharge is a very harsh remedy, and I don’t do it lightly.
 

 But the seriousness of signing a schedule under penalty of perjury has to be upheld. And since I’m convinced that this valuation of this category of assets was designed to come within the limits of the exempt amount and was not what Mr. Weiner believed to be the amount of assets in that category, I think I have to deny him the discharge.
 

 After the appraisal was completed and before the bankruptcy court had entered an order denying Weiner a discharge, Weiner asked the court to reconsider its oral ruling. Weiner informed the court that the trustee-ordered appraisal had valued the ring at only $1,800 and the total jewelry at only $2,092. This fact was significant because Weiner had listed the value of his jewelry, including the ring, as $2,500 on his schedule of personal property. Thus, according to the trustee-ordered appraisal, instead of undervaluing the ring and other jewelry, Weiner had actually overvalued it.
 

 The bankruptcy court denied the motion for reconsideration:
 

 Okay. I regretfully must deny the motion. I think it would be — I understand the practical implications and the harshness of the ruling. I was reluctant to issue it at the time.
 

 But I heard the evidence, I made my ruling at the time, and I don’t think it would be respectful of the judicial process to change that now based on something after the fact.
 

 I don’t think discovering evidence after the fact that was not available at the time of trial involves something that happened after the trial.
 

 You’re basically saying that I’m not the trier of fact, some appraiser that appraised the ring after the trial took place is the trier of fact. I just don’t think that’s ... the way the judicial process works.
 

 We hold that in refusing to reconsider its oral ruling after being informed of the value placed on the ring under the trustee-ordered appraisal, the bankruptcy court abused its discretion. In so holding, we rely primarily on the sequence of events that occurred in this case: (1) The bankruptcy court held a hearing on the dischargability issue and the § 727(a)(4)(A) issue. At this hearing, the bankruptcy court was informed that the trustee had ordered an appraisal of the ring.
 
 *1219
 
 The bankruptcy court decided to go ahead and issue an oral ruling on the § 727(a)(4)(A) issue, which requires a determination of the value of the ring, instead of waiting for the trustee’s appraisal of the value. (2) The appraisal came back valuing the ring for
 
 less than
 
 the scheduled amount. Weiner moved for reconsideration of the bankruptcy court’s
 
 oral ruling.
 
 The bankruptcy court had not yet entered a final order on the issue. (3) The bankruptcy court held a hearing where it announced that it is the finder of fact as to the value of the ring (implying that the trustee’s appraisal of value is irrelevant evidence) and that it will not consider the appraisal. (4) The bankruptcy court entered an order denying the motion for reconsideration of its
 
 oral ruling.
 
 (5) The bankruptcy court then entered an order denying Weiner a general discharge.
 

 The result in this case might be different if the bankruptcy court had not been informed of the pending trustee-ordered appraisal pri- or to issuing its oral ruling, and if the bankruptcy court had not been informed of the value placed on the ring under the trustee-ordered appraisal prior to entering its written order denying the discharge. As the facts stand, however, we believe that the bankruptcy court made a clear error of judgment and therefore abused its discretion in denying the motion for reconsideration and entering the written order denying a discharge.
 
 See United States v. Simtob,
 
 901 F.2d 799, 804 (9th Cir.1990). At a minimum, the bankruptcy court should have taken the trustee-ordered appraisal into consideration in determining whether Weiner “knowingly and fraudulently, in or in connection with the case ... made a
 
 false
 
 oath or account.” 11 U.S.C. § 727(a)(4)(A) (emphasis added).
 
 [5]
 

 We therefore reverse this case with instructions to the BAP to remand the case to the bankruptcy court for reconsideration of its denial of a general discharge under § 727. The bankruptcy court is instructed to take into consideration the value placed on the ring under the trustee-ordered appraisal. The bankruptcy court is also instructed to examine whether all parties to this litigation still have standing to proceed.
 
 See
 
 11 U.S.C. § 727(c)(1). In complying with this mandate, the bankruptcy court may take such evidence and hold such hearings as it deems appropriate.
 
 [6]
 

 REVERSED and REMANDED with instructions. No costs allowed.
 

 [1]
 

 . Sleven Weiner’s wife, Katherine D. Weiner, was also a party to the bankruptcy petition. She is not, however, a party to this appeal.
 

 [2]
 

 . Section 727(a)(4)(A) provides: "The court shall grant the debtor a discharge, unless ... the debt- or knowingly and fraudulently, in or in connection with the case ... made a false oath or account." 11 U.S.C. § 727(a)(4)(A).
 

 [3]
 

 .The BAP's decision is published at 208 B.R. 69 (9th Cir.BAP1997).
 

 [4]
 

 . Because a final order had not been entered, the motion for reconsideration might be more appropriately considered a motion to reopen or supplement the trial record. We, however, review both motions for reconsideration and motions to reopen under the same abuse of discretion standard.
 
 See In re Donovan,
 
 871 F.2d at 808;
 
 In re Lindsay,
 
 59 F.3d at 950. How the motion is characterized does not, therefore, change our analysis.
 

 [5]
 

 . Given our resolution of this issue, we do not reach the question of materiality.
 
 See In re Olson,
 
 916 F.2d 481, 484 (8th Cir.1990) (“To bar a discharge, the debtor's misrepresentation must be material.”);
 
 In re Chalik,
 
 748 F.2d 616, 618 (11th Cir.1984) (same).
 

 [6]
 

 . We have considered ihe remaining contentions raised by Weiner and find that none have sufficient merit to warrant discussion.