MEMORANDUM**
Michael A. West appeals pro se from the Bankruptcy Appellate Panel’s (“BAP”) decision affirming the bankruptcy court’s denial of West’s motion to reconsider its earlier order refusing to reopen West’s bankruptcy case to permit him to sue the Chapter 7 trustee for alleged misconduct in the administration of the estate. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review for abuse of discretion the bankruptcy court’s denial of a motion to reconsider. See Weiner v. Perry, Settles & Lawson, Inc. (In re Weiner), 161 F.3d 1216, 1217 (9th Cir.1998) (noting that this court reviews the bankruptcy court’s orders independently of the BAP’s decision). We affirm.
*419 The bankruptcy court properly denied West’s motion because West did not satisfy the requirements of Federal Rule of Civil Procedure 60(b)(2), or establish that relief from the bankruptcy court’s order denying his first motion to reopen was otherwise warranted. See Hayes v. Palm Seedlings Partners-A (In Re Agric. Research and Tech. Group, Inc.), 916 F.2d 528, 542 (9th Cir.1990) (motion for reconsideration may be properly denied where the motion fails to state new facts).
West contends that the bankruptcy court’s judgment was void under Federal Rule of Civil Procedure 60(b)(4) because the bankruptcy court lacked jurisdiction over West’s lawsuit against a former employer. This argument fails because West chose to file this proceeding in bankruptcy court, and did not raise this objection in a timely manner. See Mann v. Alexander Dawson (In re Mann), 907 F.2d 923, 926 (9th Cir.1990) (failure to object to the bankruptcy court’s jurisdiction in a timely manner constitutes implied consent to the resolution of the controversy) (internal citations omitted).
We do not consider West’s challenge to the underlying decision. See Briones v. Riviera Hotel and Casino, 116 F.3d 379, 380 (9th Cir.1997) (per curiam) (“An appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment.”).
West’s remaining contentions lack merit.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.