**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: JEFFREY A. CLARK; JODENE M. CLARK, <br><br> Debtors, <br> _____ <br><br> JEFFREY A. CLARK; JODENE M. CLARK, <br><br> Appellants, <br><br> v. <br><br> MARTIN STRAND; GABRIELLE STRAND, <br><br> Appellees, <br> _____ <br><br> UST- UNITED STATES TRUSTEE, SAN FERNANDO, | No. 12-60051 <br><br> BAP No. 11-1322 <br><br><br> MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Hollowell, and Markell, Bankruptcy Judges, Presiding

Argued and Submitted February 7, 2014
Pasadena, California

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER and CLIFTON, Circuit Judges, and COGAN, District Judge.[**]

Jeffrey and Jodene Clark appeal from a decision by the Bankruptcy Appellate Panel reversing an order by the bankruptcy court denying a motion by Martin and Gabrielle Strand to reopen the Clarks' Chapter 7 bankruptcy case. We affirm the BAP decision.

This Court conducts *de novo* review of a BAP decision. *In re Burnett*, 435 F.3d 971, 975 (9th Cir. 2002). This means that we review the bankruptcy court's denial of a motion to reopen a bankruptcy case for abuse of discretion. *In re DeVille*, 361 F.3d 539, 547 (9th Cir. 2004); *In re Weiner*, 161 F.3d 1216, 1217 (9th Cir. 1998).

The BAP was correct that the bankruptcy court applied the wrong standard to the motion to reopen. "[R]eopening a case is typically ministerial and presents only a 'narrow range of issues.'" *In re Lopez*, 283 B.R. 22, 26 (9th Cir. BAP 2002) (quoting *In re Menk*, 241 B.R. 896, 916-17 (9th Cir. BAP 1999)). Inquiries into the merits of the underlying claim are inappropriate. *Staffer v. Predovich (In re Staffer)*, 306 F.3d 967, 972 (9th Cir. 2002).

---

[**] The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

The basis upon which the bankruptcy court concluded that the Strands lacked standing was not entirely clear. At the outset of the hearing, the court stated that the Strands lacked standing because they had dismissed their claim in state court, but as the BAP decision explained, that dismissal was without prejudice and did not extinguish their claim. The Clarks have offered other arguments why they believe the Strands should not be treated as a "party in interest" under Fed. R. Bankr. P. 5010, such as that the claim is barred by laches or the running of the limitations period, but no court has adjudicated those arguments. The Clarks might be right in arguing that the Strands' claims are barred or lack merit, but such an inquiry is inappropriate at this stage. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) ("[t]he jurisdictional question of standing precedes, and does not require, analysis of the merits").

Each side shall bear its own costs of appeal.

**AFFIRMED and REMANDED**.