FILED

APR 11 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                                          )      BAP No. CC-13-1117-DPaKu
                                                )
ERIC WINBIGLER,                                 )      Bk. No. 10-37564-SC
                                                )
                        Debtor.                 )
_____                )
                                                )
ERIC WINBIGLER,                                 )
                                                )
                        Appellant,              )
                                                )
v.                                              )      **M E M O R A N D U M**[1]
                                                )
T.D. SERVICE COMPANY; KELLER                    )
WILLIAMS REALTY; LAW OFFICES                    )
OF FONG & FONG; CITI PROPERTY                   )
HOLDINGS, INC.,                                 )
                                                )
                        Appellees.              )
_____                )

Submitted Without Oral Argument on March 21, 2014[2]

Filed - April 11, 2014

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Scott C. Clarkson, Bankruptcy Judge, Presiding

_____

Appearances:    Appellant Eric Winbigler submitted a brief and
                excerpts of record.

_____

Before:  DUNN, PAPPAS and KURTZ, Bankruptcy Judges.

_____

     [1] This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8013-1.

     [2] By orders entered on October 16, 2013 and March 7, 2014,
this appeal was deemed suitable for submission without oral
argument.  See Fed. R. Bankr. P. 8012 and Ninth Circuit BAP
Rule 8012-1.

Debtor appellant Eric Winbigler ("Debtor") appeals the bankruptcy court's order denying his motion to reopen his chapter 7[3] bankruptcy case to file and prosecute a motion for contempt against Citi Property Holdings, Inc. ("Citi"), T.D. Service Company, the Law Offices of Fong & Fong, and Keller Williams Realty (collectively, "Appellees") for alleged violations of the discharge injunction under § 524(a). None of the Appellees has appeared in this appeal. We DISMISS this appeal because without having a transcript of the critical hearing, we do not have an adequate record for meaningful review.

## FACTUAL BACKGROUND[4]

Debtor filed his chapter 7 bankruptcy petition on August 27, 2010. On September 16, 2010, Citi filed a motion for relief from stay ("RFS Motion") to foreclose on the Debtor's residence property ("Property") located in Lucerne Valley, California. In the RFS Motion, Citi alleged that the fair market value of the Property was $40,000 and that the debt secured by the Property totaled $373,729.31, including $106,348.20 of accrued and unpaid interest. Debtor responded to the RFS Motion, arguing that at least some of the loan documents filed by Citi in support of the RFS Motion were invalid and thus, void and that Citi could not establish real party in interest standing to seek relief from

---

[3] Unless otherwise noted, all chapter and section references are to the federal Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[4] The background facts have been gleaned from the excerpts of record filed by Debtor, particularly his declaration ("Declaration"), dated and filed on January 17, 2013, and the exhibits attached thereto.

-2-

stay.

A hearing on the RFS Motion originally was scheduled for October 14, 2010, but was rescheduled to October 21, 2010. According to Debtor, on October 14, 2010, the bankruptcy court continued the hearing to October 21, 2010 and ordered Citi to file a supplemental declaration in support of the RFS Motion on or before the continued hearing date. Appellant's Opening Brief, at 5-6. Citi filed the supplemental declaration of Julie Johnson in support of the RFS Motion on October 19, 2010. Thereafter, the hearing on the RFS Motion was further continued to November 4, 2010.

Following the hearing on November 4, 2010, the bankruptcy court entered an order denying the RFS Motion without prejudice.

Debtor received his discharge by order entered on January 5, 2011. His chapter 7 case was closed by order entered on February 2, 2011.

On March 18, 2011, Citi recorded, through its trustee, T.D. Service Company, a nonjudicial foreclosure sale notice with respect to the Property. The nonjudicial foreclosure sale took place on April 19, 2011, Citi was the winning bidder by credit bid, and a trustee's deed was recorded on April 22, 2011.

On May 11, 2011, Keller Williams Realty wrote a letter to Debtor, informing him that eviction proceedings were being initiated with respect to the Property but advising him of an offer of cash if he were willing to vacate the Property "within a short period of time." Apparently, Debtor did not respond to this offer. On May 23, 2011, Citi caused Debtor to be served with a "THREE (3) DAYS" notice to vacate the Property. On

June 1, 2011, Citi filed an unlawful detainer complaint against Debtor in the San Bernardino County, California Superior Court ("Superior Court").

After extended efforts to serve the unlawful detainer complaint on Debtor, Citi's counsel, Fong & Fong, served the Debtor by mail and by posting on the Property. Debtor did not respond. On August 22, 2011, counsel for Citi filed a request for entry of default against Debtor in the unlawful detainer action.

Thereafter, Debtor, through counsel, filed a motion to reopen his bankruptcy case, which motion was granted by order entered on September 1, 2011. In light of the reopening of Debtor's bankruptcy case, the Superior Court took no action on Citi's request for entry of default and continued proceedings in the unlawful detainer action to allow Citi to seek relief from stay in Debtor's reopened bankruptcy case.

On September 29, 2011, Citi filed a motion for relief from stay ("Second RFS Motion") in Debtor's reopened bankruptcy case. Following a hearing on October 18, 2011, the bankruptcy court denied the Second RFS Motion because "the automatic stay is not in effect," by order entered on November 23, 2011. Following the hearing on the Second RFS Motion, Debtor's bankruptcy case was reclosed.

On October 27, 2011, following a further hearing, the Superior Court entered judgment in favor of Citi and against Debtor for possession of the Property, with a waiver by Citi of any claim for damages against the Debtor personally. A writ of possession was issued in favor of Citi on November 16, 2011. A

"Notice to Vacate" the Property was "given" to Debtor on or about December 15, 2011.

On December 15, 2011, Debtor was evicted from and locked out of the Property while Debtor was not at home. Appellant's Brief, at 12. Apparently, the property was listed for sale by Citi with Keller Williams Realty.

Debtor filed a motion with the Superior Court to vacate the unlawful detainer judgment in favor of Citi, but that motion was denied at a hearing on December 27, 2011. The Superior Court found that the unlawful detainer judgment was valid.

On April 16, 2012, title to the Property was transferred by Grant Deed from Citibank, N.A. to "Tae Sung Roh, an unmarried man." Mr. Roh apparently further transferred the Property by Grant Deed to "Ho Kyun Kim and Young Sook Kim, husband and wife as joint tenants" on or about April 25, 2012.

In the meantime, Debtor had filed a motion to reopen ("Motion to Reopen") his bankruptcy case a second time, along with a motion to hold the Appellees in contempt for violating the discharge injunction. Following a hearing on February 20, 2013, the bankruptcy court entered an order denying the Motion to Reopen on March 5, 2013. No transcript of that hearing has been provided for our review. Attached to the Debtor's Notice of Appeal is a copy of the bankruptcy court's tentative ruling with respect to the matters set for hearing on February 20, 2013. All that the tentative ruling states with respect to the Motion to Reopen is the following: "The January 17, 2013 motion to reopen was filed by the Debtor, in pro per, without a declaration establishing cause, as required by LBR 5010-1. The motion to

-5-

reopen was not granted and the case remains closed." The tentative ruling was not attached to or made a part of the bankruptcy court's order denying the Motion to Reopen.

Debtor filed a timely Notice of Appeal from the order denying his Motion to Reopen.

### JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(O). We have jurisdiction under 28 U.S.C. § 158.

### ISSUE

Did the bankruptcy court abuse its discretion when it denied Debtor's Motion to Reopen?

### STANDARDS OF REVIEW

Denial of a motion to reopen a bankruptcy case is reviewed for abuse of discretion. See Weiner v. Perry, Settles & Lawson, Inc. (In re Weiner), 161 F.3d 1216, 1217 (9th Cir. 1998); Lopez v. Specialty Restaurants, Inc. (In re Lopez), 283 B.R. 22, 26 (9th Cir. BAP 2002). We apply a two-part test to determine if the bankruptcy court abused its discretion. First, we review whether the bankruptcy court applied the correct legal standard. See United States v. Hinkson, 585 F.3d 1247, 1261-63 (9th Cir. 2009) (en banc). Then, if the correct legal standard was applied, we determine whether the bankruptcy court's supporting fact findings were illogical, implausible or without support in the record. Id. at 1262.

### DISCUSSION

In this appeal, Debtor argues that the bankruptcy court abused its discretion in denying his Motion to Reopen so that he

-6-

could pursue contempt remedies against the Appellees for their alleged violations of the discharge injunction of § 524 in proceeding with foreclosure and sale of the Property. Unfortunately, the focus of Debtor's arguments reflects a fundamental misunderstanding of the bankruptcy court's order denying Citi's first RFS Motion.

Motions for relief from the automatic stay are very limited proceedings. Deciding a motion for relief from stay involves consideration of standing issues with respect to the moving party (if such issues are raised) and the specific grounds for granting relief from stay set forth in § 362(d), i.e., generally whether "cause" has been established; whether the debtor has any equity in the subject property; and (in a reorganization case) whether the subject property is necessary to an effective reorganization of the debtor's affairs.

> Hearings on relief from the automatic stay are . . . handled in a summary fashion. [citation omitted] The validity of the claim or contract underlying the claim is not litigated during the hearing.

Johnson v. Righetti (In re Johnson), 756 F.2d 738, 740-41 (9th Cir. 1985).

> Given the limited grounds for obtaining . . . relief from stay, read in conjunction with the expedited schedule for a hearing on the motion, most courts hold that motion for relief from stay hearings should not involve an adjudication on the merits of claims, defenses, or counterclaims, but simply determine whether the creditor has a colorable claim to the property of the estate.

Biggs v. Stovin (In re Luz Int'l, Ltd.), 219 B.R. 837, 842 (9th Cir. BAP 1998).

> Since we do not have a transcript of the hearing at which

the bankruptcy court heard argument and decided to deny the RFS Motion, we don't know what rationale the bankruptcy court used for denying the motion. However, we do know that in the order denying the RFS Motion, the bankruptcy court denied it "without prejudice."

> The primary meaning of "dismissal without prejudice," we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim. That will also ordinarily (though not always) have the consequence of not barring the claim from other courts, . . . Thus, Black's Law Dictionary (7th ed. 1999) defines "dismissed without prejudice" as "removed from the court's docket in such a way that the plaintiff may refile the same suit on the same claim," . . . and defines "dismissal without prejudice" as "[a] dismissal that does not bar the plaintiff from refiling the lawsuit within the applicable limitations period," . . . .

Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505-06 (2001). In other words, while denying the RFS Motion, the bankruptcy court did not preclude Citi from filing and prosecuting a later motion for relief in the Debtor's bankruptcy case with different or better support. The bankruptcy court's order denying the RFS Motion had no substantive effect on the lien claimed by Citi with respect to the Property. It certainly did not avoid that lien as asserted by Debtor in his brief. See Appellant's Opening Brief, at 15-16.

As it turned out, Citi did not need to file such a motion. When Debtor received his discharge and his chapter 7 case was closed, the automatic stay terminated both as to him and as to his bankruptcy estate as a matter of law. See § 362(c)(1) and

-8-

(2)(A) and (C).[5]

When the automatic stay terminated, if Debtor had defenses to Citi proceeding to foreclose on the Property, he needed to raise them in state court. He did not appear at the Superior Court until after the foreclosure sale had occurred, the trustee's deed had been recorded and Citi was seeking a default judgment in its unlawful detainer action. At that point, Debtor filed a motion to reopen his chapter 7 case that was granted, and Citi filed the Second RFS Motion. The bankruptcy court appropriately denied the Second RFS Motion because "the automatic stay [was] not in effect." Thereafter, Citi obtained an unlawful detainer judgment over the Debtor's objection (waiving any claim for damages, consistent with the Debtor's discharge), evicted Debtor from the Property and sold the Property to an unrelated third party.

So far, the Discussion has focused on the Debtor's arguments, as set forth in his Opening Brief, but the disposition of this appeal needs to address some additional, different points. In prior decisions, this Panel has held "that the

---

[5] Section 362(c)(1) and (2)(A) and (C) provide in relevant part:
(1) the stay of an act against property of the estate . . . continues until such property is no longer property of the estate:
(2) the stay of any other act . . . continues until the earliest of –
(A) the time the case is closed;
. . .
(C) if the case is a case under chapter 7 of this title concerning an individual . . . , the time a discharge is granted or denied; . . . .

reopening of a closed bankruptcy case is a <u>ministerial act</u> that functions primarily to enable the file to be managed by the clerk as an active matter and that, by itself, <u>lacks independent legal significance and determines nothing with respect to the merits of the case</u>." <u>Menk v. Lapaglia (In re Menk)</u>, 241 B.R. 896, 913 (9th Cir. BAP 1999) (citations omitted and emphasis added). A motion to reopen really only implicates a narrow range of administrative issues, such as, for example, whether further estate administration is necessary, whether a trustee should be appointed, and whether another filing fee is required. <u>Id.</u> at 916-17. Generally, it is not appropriate in proceedings on a motion to reopen to make substantive determinations on claims for relief. <u>Id.</u>

In this appeal, the Debtor does not argue that the bankruptcy court erred in denying his Motion to Reopen on the procedural ground that extraneous issues intruded in the court's decision to deny the motion. Generally, issues not "specifically and distinctly argued" in a party's opening brief are deemed waived. <u>See, e.g.</u>, <u>Arpin v. Santa Clara Valley Transp. Agency</u>, 261 F.3d 912, 919 (9th Cir. 2001). However, even if we consider that question in this appeal, we are hampered by an inadequate record.

Debtor has not provided us with a transcript of the hearing at which the bankruptcy court denied his Motion to Reopen. Accordingly, we do not know what the bankruptcy court stated as the rationale for denying the Motion to Reopen.

As recognized by Debtor, the applicable standard of review is abuse of discretion. Without a transcript of the hearing on

-10-

the Motion to Reopen, we do not, and cannot know what legal standard the bankruptcy court applied in denying the motion. Nor do we know what fact findings, if any, supported its decision. In its tentative ruling, the bankruptcy court noted that the Debtor filed the Motion to Reopen without a supporting declaration establishing cause, as required by its local rules. However, we do not know whether the bankruptcy court adopted its tentative ruling at the hearing. The bankruptcy court's order denying the Motion to Reopen states only that the motion was denied "[f]or the reasons set forth on the record." If the record presented to us is inadequate to allow us an opportunity to review the appealed decision meaningfully, we may have no alternative but to summarily affirm the bankruptcy court's decision or dismiss the appeal. See Community Commerce Bank v. O'Brien (In re O'Brien), 312 F.3d 1135, 1137 (9th Cir. 2002).

We suspect, based on the record before us, that reopening Debtor's bankruptcy case for a second time would have been a useless act: Debtor apparently wanted to reopen his bankruptcy case to prosecute a motion for contempt remedies against the Appellees, that was based on the faulty premise that Appellees violated the discharge injunction of § 524 by pursuing foreclosure of a lien on the Property that had not been avoided during Debtor's bankruptcy.

Section 524(a) operates as an injunction against the commencement or continuation of any action or the employment of any process to collect or recover a debt as a personal liability of a chapter 7 debtor. 4 Collier on Bankruptcy ¶ 524.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2013). However, the

-11-

discharge injunction provisions of § 524 apply only to the personal liability of the debtor, so they have no effect on an otherwise valid, unavoided prepetition lien under applicable state law. Id. "[W]e are not convinced that Congress intended to depart from the pre-[Bankruptcy] Code rule that liens pass through bankruptcy unaffected." Dewsnup v. Timm, 502 U.S. 410, 417 (1992).

Ultimately, those points are not dispositive here. To conclude that the bankruptcy court abused its discretion, we would have to determine that the bankruptcy court applied an incorrect legal standard; applied the correct legal standard erroneously based on the facts before it; or clearly erred in its fact findings. Without a transcript of the relevant hearing, we simply are in no position to make those determinations.

Accordingly, in the circumstances of this appeal, we cannot find that the bankruptcy court abused its discretion in denying the Motion to Reopen.

**CONCLUSION**

For the foregoing reasons, we DISMISS Debtor's appeal.