**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                                    )     BAP No.   NC-15-1331-TaJuKi
                                          )
CHARLES HENRY UTZMAN and                  )     Bk. No.   3:14-bk-31828
ANNA KATHRYN UTZMAN,                      )
                                          )
                    Debtors.              )
_____        )
                                          )
CHARLES HENRY UTZMAN; ANNA                )
KATHRYN UTZMAN,                           )
                                          )
                    Appellants,           )
                                          )
v.                                        )     **MEMORANDUM**[*]
                                          )
SUNTRUST MORTGAGE, INC.,                  )
                                          )
                    Appellee.             )
_____        )

Argued and Submitted on July 28, 2016
at San Francisco, California

Filed – August 9, 2016

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Hannah L. Blumenstiel, Bankruptcy Judge, Presiding

_____

Appearances:     David N. Chandler, Jr. argued for Appellants;
                 Dennis Peter Maio of Reed Smith LLP argued for
                 Appellee.

_____

Before:    TAYLOR, JURY, and KIRSCHER, Bankruptcy Judges.

_____

     [*]  This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8024-1(c)(2).

**INTRODUCTION**

Chapter 11[1] debtors Charles Henry Utzman and Anna Kathryn Utzman appeal from an order denying their motion for reconsideration of an order granting stay relief under § 362(d)(1).

We AFFIRM the bankruptcy court.

**FACTS**

In 2007, the Debtors borrowed $1,365,000 from SunTrust Mortgage, Inc. for the construction of a residence on real property located in Mill Valley, California (the "Property"). The obligation owed to SunTrust was secured by a deed of trust against the Property.

Despite the Suntrust loan, the Debtors failed to pay all obligations owed for construction services, so various state statutory liens were recorded against the Property. They also failed to pay all real property taxes in relation to the Property and to pay for all required real property related insurance. Eventually, they also defaulted on their payments under the Suntrust note.

On the eve of Suntrust's foreclosure, they filed a chapter 11 petition. Their schedule A listed the Property with a then current value of $1,300,000 and stated that it was encumbered by secured claims in the amount of $1,978,493.29. Their schedule D listed SunTrust's secured claim in the amount

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

2

of $1,897,262.29. The record shows that construction of the residence remained incomplete, but the Debtors, nonetheless, occupied the home.

Five months after the bankruptcy filing, SunTrust filed its second motion for relief from stay seeking relief pursuant to § 362(d)(1) and (d)(2). SunTrust argued that cause existed for § 362(d)(1) relief based primarily on a lack of adequate protection of its interest in the Property. Their adequate protection argument did not focus exclusively on the lack of payments on the undersecured Suntrust note. They also argued that the failure to pay taxes, the existence of liens, the lack of a certificate of occupancy, the lack of a sewer easement over other debtor-owned real property, and the existence of a landslide jeopardizing the pool created risks that the Debtors were not addressing.

The Debtors opposed. They argued that, despite a lack of equity, SunTrust was adequately protected by the value of the Property. They asserted generally that real estate values in the Bay Area were rising and that progress in the construction of their residence resulted in enhancement of the Property's value.

At the hearing, the bankruptcy court noted that the Debtors conceded that there was no equity in the Property, notwithstanding SunTrust's recent appraisal valuing the Property at $1.95 million dollars, and that SunTrust held an allowed claim in excess of $1.8 million dollars. It also noted the Debtors' concession that they had failed both to make any

3

postpetition payments to SunTrust and to pay property taxes.[2] The bankruptcy court stated:

> I'm having a hard time finding that this creditor is adequately protected when your clients are not servicing this debt post-petition, and you believe the property is not worth enough to cover the amount of their claim. Why isn't that cause to grant this motion?

Hr'g Tr. (June 4, 2015) at 4:14-19. While this comment clearly focused on the lack of either equity or debt service, the bankruptcy court also referenced the other problems creating risk for Suntrust including construction issues and liens. After the parties presented their arguments, the matter was taken under submission.

The bankruptcy court subsequently entered an order granting stay relief on June 9, 2015. It found that cause existed to grant the request for relief under § 362(d)(1)[3] based on the Debtors' concession that they were not making postpetition payments to SunTrust and that there was no equity in the Property. The bankruptcy court determined that the Debtors had failed to offer any evidence on the anticipated completion date of the construction project and that they had failed to address the substantial administrative and zoning hurdles necessary to complete the project. And it found that,

> More importantly, Debtors offer no evidence as to the amount by which the [P]roperty's value will be enhanced by completion of the construction project, if

---

[2] The Debtors subsequently paid real property taxes accruing postpetition.

[3] The bankruptcy court denied SunTrust's request for relief under § 362(d)(2).

4

and when that occurs. The fact that there is generally a rising real estate market in the Bay Area does not mean this property, with its unfinished, long-delayed construction project, has risen in value as the Debtors suggest. Ultimately, Debtors offer no evidence that the completion of the construction project will actually enhance the [P]roperty's value in any meaningful way.

Dkt. No. 73 at 2.

The bankruptcy court's statements on the record at the hearing and in its order, thus, make clear that in determining that cause existed, it appropriately emphasized the lack of value in the Property necessary to protect SunTrust against reasonably feared potential harms.

The bankruptcy court's stay relief, however, was conditional. Its order provided that the Debtors could stay termination of the stay by making monthly payments to SunTrust in the amount of $9,100 beginning with payment that same month. If the Debtors failed to timely make the monthly payments, SunTrust was entitled to advise the bankruptcy court, which would then enter an order dissolving the stay without further notice or hearing.

The Debtors did not appeal from the stay relief order, and it became final and nonappealable on June 23, 2015.

Instead, on August 12, 2015, the Debtors moved for reconsideration of the stay relief order. The record as a whole, including documents and argument on appeal, makes clear that they moved for relief under Civil Rule 60(b)(2) - newly discovered evidence. They argued that the value of the Property had increased during the pendency of the case and, thus, that there was no diminution of value and no failure of adequate

5

protection. In doing so, they repeated a factual assertion generally made in connection with the stay relief motion, but they now provided more specific evidence.

The Debtors also, however, more directly attacked the bankruptcy court's legal basis for the stay relief order and argued that the condition in the stay relief order was directly at odds with United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365 (1988), because SunTrust was not entitled to interest payments as an undersecured creditor.

Finally, in the alternative, they alleged error in the calculation of the stay relief order payment and requested as alternative relief that the bankruptcy court recalculate the payment it required as a condition to continuing the stay. The Debtors argued that the bankruptcy court used the wrong interest rate in calculating the stay relief order payment. Thus, they asserted that the correct monthly payment amount was $4,834.38, rather than the $9,100 imposed by the stay relief order.

To support their reconsideration motion, the Debtors attached the declaration of Steven Roulac, a CPA and consultant retained to give an opinion on postpetition changes in Property value. Roulac opined that the Property's value was higher in July 2015 than it was in December 2014; Roulac, however, did not assign a precise value to the Property. Further, he expressly stated that he did not undertake an independent investigation of the intangible factors that might have an impact on value; instead, he relied on the Debtor-husband who told him that: "[H]e had no information that the [P]roperty had become either

6

more or less valuable as a consequence of any change in intangible factors." Dkt. No. 100 at 19.

At the hearing, the bankruptcy court ruled that the Debtors had not met their burden of showing that new evidence existed such that relief from the stay relief order was warranted under Civil Rule 60(b)(2). It, thus, denied their motion for reconsideration as to the appropriateness of stay relief itself but agreed to the Debtors' alternate request and reduced the conditional monthly payment amount to $4,834.38.

Following the bankruptcy court's entry of an order granting in part and denying in part the Debtors' motion for reconsideration, the Debtors' filed a notice of appeal, stating that they were appealing from both the stay relief order and the reconsideration order.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (G). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Whether the bankruptcy court abused its discretion in denying in part the Debtors' motion for reconsideration.

**STANDARD OF REVIEW**

We review the bankruptcy court's denial of a motion for reconsideration for an abuse of discretion. Weiner v. Perry, Settles & Lawson, Inc. (In re Weiner), 161 F.3d 1216, 1217 (9th Cir. 1998). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible,

7

or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

We may affirm the decision of the bankruptcy court on any basis supported by the record. See Hooks v. Kitsap Tenant Support Servs., Inc., 816 F.3d 550, 554 (9th Cir. 2016).

## DISCUSSION[4]

**A.    Scope of Appeal**

After the filing of the notice of appeal, Judge Taylor issued an order stating that it appeared, based on the timing, that the scope of appeal was limited to the reconsideration order. The order invited the parties to discuss the issue in SunTrust's responsive brief and the Debtors' reply brief.

SunTrust argues that Rule 8002(b)(1)(D) limits review only to the reconsideration order. It contends that the notice of appeal was effective both as to the stay relief order and the reconsideration order only if the Debtors filed their motion for reconsideration within 14 days of entry of the stay relief order. SunTrust points out that they did not do so. Nor did

---

[4]    The BAP Clerk of Court previously issued an order regarding potential mootness based on the continuing conditional requirement in the stay relief order that the Debtors make monthly payments to SunTrust. Judge Faris then issued an order deeming the mootness inquiry satisfied. As of the date of this decision, SunTrust has not advised the Panel of any payment default under the stay relief order and, thus, we presume that the Debtors have continued to make the requisite monthly payments.

8

they file a motion for extension pursuant to Rule 8002(d).[5]

The Debtors do not disagree with SunTrust; they assert that the finality of the stay relief order "is of little practical significance to the resolution of this appeal." Instead, the Debtors contend that because the issues on appeal are legal in nature, the Panel's review of the reconsideration order is de novo, the same "as would be involved if the [stay relief] order were reviewed."

We agree that only the reconsideration order is properly before us on appeal. Rule 8002 requires that an appellant file a notice of appeal within 14 days of entry of the order being appealed. A motion to reconsider under Civil Rule 60(b) may toll the time to appeal, but only if it is filed within the 14-day period.

Here, 65 days passed between the time that the bankruptcy court entered the stay relief order and the Debtors filed the motion for reconsideration. The motion, thus, did not toll the time for appeal as to the stay relief order. As even the Debtors concede, the only issue on appeal is whether the bankruptcy court abused its discretion in denying, in part, their motion for reconsideration.

**B.  The bankruptcy court did not abuse its discretion in denying, in part, the Debtors' motion for reconsideration.**

Civil Rule 60(b), made applicable through Rule 9024, provides that the bankruptcy court may relieve a party from an

---

[5]  The bankruptcy court could not grant such an extension as the rule expressly excludes extensions with respect to orders granting stay relief. See Fed. R. Bankr. P. 8002(d)(2)(A).

9

order for the following reasons:

    (1)    mistake, inadvertence, surprise, or excusable neglect;
    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Civil] Rule 59(b);
    (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4)    the judgment is void;
    (5)    the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6)    any other reason that justifies relief.

On appeal, the Debtors first argue that the bankruptcy court deprived them of the opportunity to present evidence in opposition to SunTrust's motion for stay relief. They then argue that the bankruptcy court abused its discretion in granting stay relief. As the stay relief order is final and nonappealable, we do not consider these arguments.

We note, however, that contrary to the Debtors' argument, neither the stay relief motion nor the stay relief order were inconsistent with Local Rule 4001-1. That rule provides for a preliminary hearing in relation to motions for relief from stay. As the Debtors point out, it also provides that a debtor is not required to, but may, file a declaration for a preliminary hearing for stay relief. LBR 4001-1(f) (Bankr. N.D. Cal.).

Nothing in this rule, however, mandates that the bankruptcy court hold an evidentiary hearing. Indeed, such an interpretation would contravene the rule that a stay relief hearing is intended to be a summary proceeding. See Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 914-15 (9th Cir. BAP 2011). The bankruptcy court determined that an

10

evidentiary hearing was not necessary. Nothing in the record suggests an error in this regard, but if one existed it was waived when the Debtors failed to appeal from the stay relief order.

Save for one or two references in the facts section and in the conclusion section of their brief, the Debtors do not reference their motion for reconsideration or Civil Rule 60(b) directly, let alone discuss why the bankruptcy court abused its discretion in denying, in part, that motion. The Debtors, thus, waived review of the bankruptcy court's Civil Rule 60(b) determination. As that is the only issue on appeal, we may affirm on that basis alone.

Further, if we undertake a review, we discern no basis for reversal.

At the outset, we note that the bankruptcy court, in effect, granted the relief requested by the Debtors in their motion for reconsideration. The motion requested that the bankruptcy court vacate the stay relief order and **either** (1) deny SunTrust's stay relief motion or schedule an evidentiary hearing; or (2) "enter a new order predicating continuance of the [] [s]tay on periodic payments of $4,834.38, although doing so would be inconsistent with the Supreme Court's decision in Timbers." The bankruptcy court, in fact, employed the second option and decreased the monthly payment amount to $4,834.38. The condition of payment has the effect of keeping the stay in place so long as the condition continues to be met.

As to the merits, it is improper for a party seeking relief from an order under Civil Rule 60(b) to raise legal arguments or

11

allege new facts that could have been raised at the prior hearing or to rehash arguments already presented to the bankruptcy court. See Fadel v. DCB United LLC (In re Fadel), 492 B.R. 1, 18 (9th Cir. BAP 2013). Here, the bankruptcy court determined that the motion to reconsider improperly rehashed the same arguments made by the Debtors in opposing the stay relief motion. The record confirms that this was true as to the adequate protection issue.

The Debtors argued in their opposition to the stay relief motion that SunTrust was adequately protected by the value of the Property in spite of the lack of equity as a result of the rising real estate market in the Bay Area and anticipated completion of the construction on the Property. They reiterated this argument at the hearing for stay relief. The Debtors then repeated this argument in their motion for reconsideration and supported it with evidence that the market was generally rising and that it was reasonable to assume that the value of the Property was also rising. On this record, the bankruptcy court correctly determined that the Debtors simply sought to rehash the same arguments made in connection with the stay relief motion.

We further note that the allegedly new evidence was far from definitive. The expert noted that intangible factors related to the Property could impact its value and then acknowledged that he had not independently investigated whether such intangible factors existed. Instead, he relied on the Debtor-husband's representations. In substance, as a result, this evidence essentially duplicated the generalized assertion

12

of a rising market made at trial and found wanting by the bankruptcy court at that time.

The Debtors also argue, briefly, that the reconsideration order, like the stay relief order, is directly at odds with the Bankruptcy Code and <u>United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.</u>, 484 U.S. 365 (1988). They then attack the bankruptcy court's finding of cause to grant stay relief under § 362(d)(1). As stated, the stay relief order is not properly before us on appeal, and the Debtors have not placed their argument within the framework of Civil Rule 60(b). Thus, we do not address this issue except to note that in granting stay relief "for cause," the bankruptcy court stated multiple concerns and in no way limited itself to an analysis based on the increase of debt through interest accrual on an undersecured claim – the issue addressed in <u>Timbers</u>.

**CONCLUSION**

Based on the foregoing, we AFFIRM.