**In re Kenneth and Laura ROBERTS, Debtors.**

**Kenneth R. Roberts, Appellant,**

**v.**

**James F. Erhard, Appellee.**

**BAP No. ID–04–1566–BuBMo.**

**Bankruptcy No. 02–00252.**

**Adversary No. 02–06089.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued by Videoconference on July 29, 2005.

Submitted on Aug. 5, 2005.

Filed—Sept. 29, 2005.

Randal J. French, Bauer & French, Boise, ID, for Kenneth R. Roberts.

Howard R. Foley, Foley, Freeman, Borton & Stern, Meridian, ID, for James F. Erhard.

Before: BUFFORD,[1] BRANDT and MONTALI, Bankruptcy Judges.

## OPINION

BUFFORD, Bankruptcy Judge.

### I. Introduction

Appellant Kenneth R. Roberts ("Roberts") raises two issues on appeal. First,

1. Hon. Samuel L. Bufford, U.S. Bankruptcy Judge for the Central District of California, sitting by designation.

2. Absent contrary indication, all chapter and section references are to the Bankruptcy

he argues that the bankruptcy court should have dismissed the complaint filed by James F. Erhard ("Erhard") objecting to his discharge for failure to serve it timely, even though he never raised this issue in the trial court. Second, Roberts asks us to find that the bankruptcy court erred in holding that Roberts is not entitled to a chapter 7 discharge under § 727(a)(4)(A).[2] We AFFIRM in part and REVERSE in part.

### II. Relevant Facts

Roberts filed his chapter 7 petition on January 30, 2002, and filed his Schedules and Statement of Financial Affairs ("the Statement") on February 11, 2002. In the Statement, Roberts stated that his 2001 income was "$0.00". The Statement also indicated that Roberts had not finished preparing his income taxes for 2001 and that the "income figures [were] being done."

Roberts failed to make certain other financial disclosures on his Statement. He failed to disclose $9,964 in rent received from a rental property and $2,800 received from the sale of a registered quarter horse within the year prior to the filing of the petition. He also failed to disclose his ownership of a television set valued at $400, an oak entertainment center valued at $500, and horse tack valued at $40. On October 17, 2003, nearly two years after he filed his Statement, Roberts amended his Statement to disclose the missing information, including that in 2001 he received income of $19,798 from his business.

Erhard filed a complaint on April 30, 2002 objecting to Roberts' discharge based on these errors and omissions, and

Code, 11 U.S.C. §§ 101–1330 and all Rule references are to the Federal Rules of Bankruptcy Procedure. "FRCP" references are to the Federal Rules of Civil Procedure.

charged that the Statement contained false oaths that required the denial of a discharge under § 727(a)(4)(A). However, Erhard did not serve this complaint or a summons thereon.

The bankruptcy court issued a notice of conditional dismissal on September 30, 2002, for lack of prosecution of the complaint. In response, on October 10, 2002, Erhard filed a "motion to retain," requesting that the court give him additional time for service of the summons and complaint on Roberts. In December 2002, the bankruptcy court granted the motion of Jerry Korn, Erhard's counsel, to withdraw on the grounds that he had been suspended from the practice of law.

On March 5, 2003, the bankruptcy court issued a second notice of conditional dismissal because a return of summons had still not been filed. However, the court served the notice only on Mr. Korn, who was no longer representing Erhard. On July 5, 2003, the court served the motion on Erhard directly. Thereafter, Erhard obtained new counsel and filed an amended complaint on or about September 3, 2003 (more than sixteen months after the filing of the original complaint), which asserted claims for denial of discharge under § 727(a)(2), § 727(a)(3), § 727(a)(4)(A), and § 727(a)(5). Roberts answered the complaint, but failed to raise any timeliness issues. The adversary proceeding then was litigated, and tried by the bankruptcy court on July 15, 2004.

Following the trial on the merits, the bankruptcy court found that Roberts did not cogently explain why his business account showed total deposits of $54,530.10 when the 2001 tax returns showed gross business 2001 receipts of $59,703.00. The trial court also determined that Roberts received $12,764 in proceeds from the horse sale and rentals in the year prior to

bankruptcy that he failed to disclose in his Statement.

In its decision, the court specifically found that Roberts' conduct indicated, "a careless and reckless approach to the important duty of disclosure in sworn bankruptcy filings." The bankruptcy court further stated, "case law places a serious duty of care and candor" on debtors and "Defendant's conduct herein was insufficient to meet that duty." The bankruptcy court denied Roberts' discharge based solely on the § 727(a)(4)(A) cause of action and dismissed the other causes of action.

### III. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). The Panel has jurisdiction under 28 U.S.C. § 158(b)(1).

### IV. STANDARD OF REVIEW

In reviewing decisions of the bankruptcy court, the Panel reviews legal conclusions de novo, factual findings for clear error, and mixed questions of law and fact de novo. *Murray v. Bammer (In re Bammer)*, 131 F.3d 788, 791–92 (9th Cir.1997). The Panel also reviews de novo a bankruptcy court's selection of the applicable legal rules under § 727. *Searles v. Riley (In re Searles)*, 317 B.R. 368, 373 (9th Cir. BAP 2004).

### V. DISCUSSION

Roberts challenges the denial of his discharge on two grounds. First, he argues that the bankruptcy court had an obligation to dismiss the adversary proceeding *sua sponte* because of Erhard's delay in prosecuting it. Second, he challenges the court's application of § 727(a)(4)(A) in this case. We reject Roberts' challenge on the first ground, but sustain it on the second.

## A. Dismissal for Untimely Service of Complaint

Roberts argues for reversal on the grounds that the bankruptcy court had an independent duty under FRCP 4(m), incorporated by reference in Rule 7004(a), to dismiss the adversary proceeding *sua sponte* for Erhard's failure to serve the summons and complaint within 120 days of filing. We disagree for two distinct reasons. First, Roberts raises this argument for the first time on appeal, and did not raise it in the bankruptcy court below. Second, the bankruptcy court was not obligated to dismiss where Roberts subsequently appeared and litigated the adversary proceeding to judgment on the merits.

### 1. Failure to Raise Issue Below

■ We need not reach the question of whether Erhard's complaint should have been dismissed for untimeliness. Roberts did not make this argument in the bankruptcy court, and he raises this issue for the first time on appeal.

■ We normally decline to consider on appeal an argument that is not raised in the bankruptcy court. *See, e.g., S. Cal. Permanente Med. Group v. Ehrenberg (In re Moses),* 215 B.R. 27, 35 n. 11 (9th Cir. BAP 1997); *Consolidated Marketing Inc. v. Marvin Props. Inc. (In re Marvin Props., Inc.),* 76 B.R. 150, 153 (9th Cir. BAP 1987); *Credit Alliance v. Dunning–Ray Agency (In re Blumer),* 66 B.R. 109, 111 (9th Cir. BAP 1986). Although we have discretion to consider issues not first raised at trial, we have no obligation to do so. *See Blumer,* 66 B.R. at 111. Because this argument was not presented to the bankruptcy court, we will not review it here.

Our decision against consideration of this argument first raised on appeal is supported by *Kontrick v. Ryan,* 540 U.S. 443, 446, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). *Kontrick* involved Rule 4004, which requires that a § 727 complaint be filed no later than 60 days after the first date set for the meeting of creditors. The debtor argued in that case that a debtor may challenge the timeliness of a creditor's filing of an objection to discharge under Rules 4004 and 9006(b)(3) at any point in the proceedings (even on appeal), just as a litigant generally may raise a court's lack of subject matter jurisdiction at any point in the same civil action. *See id.* at 446–47, 124 S.Ct. 906. The Supreme Court rejected this analogy, and found that Rules 4004 and 9006(b)(3) are not rules governing subject-matter jurisdiction, but simply claims-processing rules under which a claim may be forfeited if the party invoking the rule waits too long to claim its benefit. *Id.* The Court stated that a defense ordinarily is lost if it is not included in the answer or amended answer. *Id.* at 459, 124 S.Ct. 906 (citing Rule 7012(b)). "Only lack of subject-matter jurisdiction is preserved post-trial." *Id.*

### 2. FRCP 4(m)

Even if we were to reach Roberts' argument that FRCP 4(m) required the bankruptcy court to dismiss the case because Erhard failed to serve the summons and complaint before the 120–day deadline, we would reject Roberts' argument.

■ Roberts argues on appeal that FRCP 4(m) required the bankruptcy court to dismiss the complaint for lack of prosecution *sua sponte.* FRCP 4(m) provides in relevant part:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss

the action without prejudice as to that defendant or direct that service be effected within a specific time; provided that if the plaintiff shows good cause for failure, the court shall extend the time for service for an appropriate period.

Roberts relies on the language in this rule that provides, "the court, upon ... its own initiative ... shall dismiss the action" if service is not accomplished within 120 days of filing and an extension is not sought on a showing of good cause. The original complaint clearly was not served on Roberts within 120 days of its filing. Indeed, it appears that Erhard never served any version of the complaint at all on Roberts. Roberts eventually appeared voluntarily to answer and defend the adversary proceeding. In addition, Erhard never sought an extension of the 120–day period, and made no showing of good cause for an extension.

Roberts' argument fails to take account of FRCP 12(h)(1)(B), incorporated by reference in Rule 7012(b), which provides:

> A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived ... (B) if it is neither made by motion under this rule nor included in a responsive pleading ....

Under this provision, if a defendant files an answer that omits insufficiency of service as a defense and also fails to make a pre-answer motion to dismiss on that basis, the issue of timeliness of service is waived.

■ Despite the mandatory-sounding language of FRCP 4(m), the waiver provision of FRCP 12(h)(1)(B) takes priority over FRCP 4(m). *See McCurdy v. American Bd. of Plastic Surgery,* 157 F.3d 191, 195 (3d Cir.1998) (defense of untimely service of process under FRCP 4(m) is subject to FRCP 12's waiver provisions and may be waived if not raised in compliance therewith); *see also,* 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1137 (3d ed.2002), at 376 (same). Thus, by failing to assert the FRCP 12(h)(1)(B) defense in either the answer or in a pre-answer motion to dismiss, Roberts has waived it.

### B. Application of § 727(a)(4)(A)

■■ Section 727(a)(4)(A) denies a discharge to a debtor who "knowingly and fraudulently" made a false oath or account in the course of the bankruptcy proceedings. In order to bring a successful § 727(a)(4)(A) claim for false oath, the plaintiff must show: (1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently. *Fogal Legware of Switz., Inc. v. Wills (In re Wills),* 243 B.R. 58, 62 (9th Cir. BAP 1999). A claim for denial of a discharge under § 727 is construed liberally in favor of the discharge and strictly against a person objecting to the discharge. *First Beverly Bank v. Adeeb (In re Adeeb),* 787 F.2d 1339, 1342 (9th Cir.1986).

### 1. False Oath

■ We have held that a false oath may involve a false statement or omission in the debtor's schedules. *See Wills,* 243 B.R. at 62; *accord, Beaubouef v. Beaubouef (In re Beaubouef),* 966 F.2d 174, 178 (5th Cir. 1992). In this case, the bankruptcy court determined that the debtor omitted from his Statement the rent received from the rental property and the proceeds from the sale of the horse.[3] We do not believe that

---

**3.** The bankruptcy court apparently also gave some weight to "arguable errors in reported prebankruptcy business income" in the amended Statement filed in 2003. The court found that the business account records were not fully reconcilable to the personal account

the bankruptcy court was clearly erroneous in finding that Roberts made a false oath as to these nondisclosures.

## 2. Materiality

We also do not believe that the bankruptcy court was clearly erroneous when it found that the false oath in this case was material. Materiality is broadly defined: "A false statement is material if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property." *Wills*, 243 B.R. at 62; *accord, Weiner v. Perry, Settles & Lawson (In re Weiner)*, 208 B.R. 69, 72 (9th Cir. BAP 1997), *rev'd on other grounds*, 161 F.3d 1216 (9th Cir.1998); *Chalik v. Moorefield (In re Chalik)*, 748 F.2d 616, 618 (11th Cir.1984).

A false statement or omission may be material even in the absence of direct financial prejudice to creditors. *See Weiner*, 208 B.R. at 72; *Chalik*, 748 F.2d at 618; *see also Stanley v. Hoblitzell (In re Hoblitzell)*, 223 B.R. 211, 215–16 (Bankr.E.D.Cal. 1998) (omission of an asset may be material despite the lack of prejudice to the estate or to creditors, "if it aids in understanding the debtor's financial affairs and transactions"); *Ford v. Ford (In re Ford)*, 159 B.R. 590, 593 (Bankr.D.Or.1993) (omission or false statement may be material if it concerns discovery of assets, materiality does not depend on the financial significance of the omitted assets, and detriment to creditors need not be shown); *Sergent v. Haverland (In re Haverland)*, 150 B.R. 768, 771 (Bankr.S.D.Cal.1993) (materiality of false oath does not depend on detriment to creditors). The bankruptcy court in

this case found that the omission of the rent and the horse sale were "significant financial activities in the context of Debtor's affairs."

In defense of the nondisclosure of the quarter horse transaction, Roberts makes three arguments. First, he argues that his wife signed the bill of sale, and Erhard made no showing of the extent to which Roberts was involved in the transaction. Second, Roberts argues that he did list other, larger transactions, and that this mitigates against the materiality of this nondisclosure. Finally, he argues that he made full disclosure in his amended Statement when he became aware of the complaint in this adversary proceeding and filed his answer.

As to the rental payment, Roberts contends that the transaction started as a down payment on the purchase of the house, and was converted into a rent payment when the purchaser was unable to complete the transaction. He further contends that his accountant apparently misunderstood the receipt for this payment. However, he points to no trial testimony to support these contentions.

The bankruptcy court evaluated each of these arguments. We are not persuaded that the court was clearly erroneous in its determination that the nondisclosure of the rents and the quarter horse sale were material.

## 3. Knowingly

We have more difficulty with the bankruptcy court's findings on the other two elements of the § 727(a)(4)(A) claim. A person acts knowingly if he or she acts deliberately and consciously. *See* BLACK'S

statements. Standing alone, the court found, these arguable errors were insufficient to support the cause of action. However, the court found, "they do not stand alone." On the other hand, the court found that the omission of the three miscellaneous personal property items did not require a denial of discharge.

LAW DICTIONARY 888 (8th ed.2004). The bankruptcy court did not make a finding that Roberts acted deliberately and consciously in failing to make these disclosures until he amended his Statement. Instead, the court found that Roberts exhibited, "a careless and reckless approach to the important duty of disclosure in sworn bankruptcy filings." "Careless and reckless" is a lower standard than "knowing."

■ An action is careless if it is "engaged in without reasonable care." *Id.* at 225. This is a negligence standard, not a knowing misconduct standard. A false statement resulting from ignorance or carelessness does not rise to the level of "knowing and fraudulent." *See, e.g., Mondore v. Mondore (In re Mondore)*, 326 B.R. 214, 217 (Bankr.W.D.N.Y.2005) ("a false statement resulting from ignorance or carelessness is not one that is knowing and fraudulent").

■ Similarly, recklessness does not measure up to the statutory requirement of "knowing" misconduct. An action is reckless if it creates, "a substantial and unjustifiable risk of harm to others [through] a conscious (and sometimes deliberate) disregard for or indifference to that risk ...." BLACK's LAW DICTIONARY at 1298.[4] Since the bankruptcy court did not find that Roberts made his nondisclosures "knowingly" in the required sense, we cannot sustain the denial of his discharge.

### 4. Fraudulently

■ Finally, to deny a discharge under § 727(a)(4)(A), the trial court must also find that the false oath was made "fraudu-lently". The fraud provision of § 727(a)(4) is similar to common law fraud, which the Ninth Circuit has described as follows:

> The creditor must show that (1) the debtor made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditors; (4) that the creditors relied on such representations; (5) that the creditors sustained loss and damage as the proximate result of the representations having been made.

*Anastas v. American Savs. Bank (In re Anastas)*, 94 F.3d 1280, 1284 (9th Cir. 1996), *quoting Britton v. Price (In re Britton)*, 950 F.2d 602, 604 (construing fraud provision of § 523(a)(2)(A)).

The elements of common law fraud substantially overlap the elements of a claim under § 727(a)(4)(A). The first two elements of a fraud cause of action duplicate the first element described above. For the purposes of § 727(a)(4), materiality replaces the elements of reliance and proximately caused damage in a fraud cause of action.

■ The intent required for finding that the debtor has acted fraudulently under § 727(a)(4)(A) with respect to a false oath must be actual intent: constructive fraudulent intent cannot be the basis for the denial of a discharge. *See Devers v. Bank of Sheridan (In re Devers)*, 759 F.2d 751, 753 (9th Cir.1985).

■ A debtor's fraudulent intent may be established by circumstantial evidence or by inferences drawn from his or her course of conduct. *See e.g., id.* at 753–54; *Wills*, 243 B.R. at 64; *Hoblitzell*, 223 B.R. at 215. The requisite intent may be found

---

4. We need not and do not decide whether, as the *Mondore* court suggested in dictum, "a reckless disregard of both the serious nature of the information sought and the necessary attention to detail and accuracy in answering may rise to the level of fraudulent intent necessary to bar a discharge ...." *See* 326 B.R. at 217.

from the surrounding circumstances. In examining the circumstances, the court may find "badges of fraud" including, (1) that there was a close relationship between the transferor and the transferee; (2) that the transfer was in anticipation of a pending suit; (3) that the transferor debtor was insolvent or in poor financial condition at the time of the transfer; (4) that all or substantially all of the debtor's property was transferred; (5) that the transfer so completely depleted the debtor's assets that the creditor has been hindered or delayed in recovering any part of the judgment; and (6) that the debtor received inadequate consideration for the transfer. *See Emmett Valley Assocs. v. Woodfield (In re Woodfield)*, 978 F.2d 516, 518 (9th Cir.1992).[5] These factors need not all be present in order to find that a debtor acted with the requisite intent. *Id.*

While the bankruptcy court specifically found that the errors and omissions in Roberts' Statement had a possible bearing on his fraudulent intent, the court did not explicitly make a finding that Roberts had acted with actual fraudulent intent. Accordingly, we find that the bankruptcy court incorrectly applied a lower legal standard than that mandated by § 727(a)(4)(A) on the issue of whether Roberts' nondisclosure was fraudulent.

## VI. CONCLUSION

Insofar as Roberts' appeal is based on failure of the bankruptcy court to dismiss the underlying complaint under FRCP 4(m), we AFFIRM the decision of the bankruptcy court. Because Roberts did not raise this issue in the bankruptcy court, we find that it is not properly before

us. In addition, we find that, because Roberts failed to invoke FRCP 4(m), either in his answer to the complaint or in a pre-answer motion to dismiss, he has waived any right to rely on this provision.

However, we conclude that the bankruptcy court made insufficient findings in two respects to support its conclusion denying Roberts his discharge under § 727(a)(4)(A). First, we find that the bankruptcy court did not find that the material nondisclosures in Roberts' Statement were knowing. Second, the court did not find that Roberts intended to defraud.

For the foregoing reasons, we REVERSE the bankruptcy court and remand for entry of an order granting Roberts his discharge.

---

5. Woodfield involved a denial of discharge under § 727(a)(2). The analysis of what constitutes intent to defraud with respect to § 727(a)(2) is applicable under § 727(a)(4). *See* 6 ALAN N. RESNICK & HENRY J. SOMMER, COLLIER ON BANKRUPTCY ¶ 727.04[1][a], p. 40 (15th ed. Rev.2005). *See also Garcia v. Coombs (In re Coombs)*, 193 B.R. 557, 564 (Bankr.S.D.Cal.1996) (applying similar badges of fraud).