**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: KATAYONE ADELI, | No. 09-60017 |
| Debtor, | BAP No. CC-08-1098-MoPaD |
| | |
| KATAYONE ADELI, | MEMORANDUM [*] |
| Appellant, | |
| v. | |
| RICHARD B. SACHS, | |
| Appellee. | |
| | |
| In re: KATAYONE ADELI, | No. 09-60020 |
| Debtor, | BAP No. CC-08-1098-MoPaD |
| | |
| KATAYONE ADELI, | |
| Appellant, | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

RICHARD B. SACHS,

      Appellee.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Montali, and Dunn, Bankruptcy Judges, Presiding

Argued and Submitted May 5, 2010
Pasadena, California

Before: B. FLETCHER and PAEZ, Circuit Judges, and EZRA,[**] District Judge.

Katayone Adeli appeals a decision of the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") reversing and remanding the bankruptcy court's prior judgment for Adeli in an adversary proceeding filed by creditor Richard B. Sachs. Sachs' adversary proceeding sought, *inter alia*, to deny Adeli discharge pursuant to 11 U.S.C. § 727(a)(2)(A) due to Adeli's intentional transfer of her assets allegedly to hinder or delay Sachs' recovery. We review the bankruptcy court's decision "independently, without deference to the BAP." *Ting v. Chang* (*In re Chang*), 163 F.3d 1138, 1140 (9th Cir. 1998). We affirm the BAP's reversal of the bankruptcy court's judgment and remand to the bankruptcy court to deny discharge.

---

[**] The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

This case involves two sets of pre-petition transfers by Adeli. The first set of transfers consisted of: (1) the Equity Line Deposit; (2) the $33,000 Valley National Transfer; (3) the $58,000 Wire Transfer; and (4) the Bear Stearns Withdrawal (collectively, the "First 2005 Transfers"), as referenced by the bankruptcy court. We do not address the bankruptcy court's determination as to the second set of transfers, because a debtor who transfers any property within one year before filing for bankruptcy with the intent penalized by § 727(a)(2)(A) is denied discharge. 11 U.S.C. § 727(a)(2)(A); *First Beverly Bank v. Adeeb* (*In re Adeeb*), 787 F.2d 1339, 1342 (9th Cir. 1986).

The only factual dispute before the bankruptcy court and on appeal is whether Adeli had the intent to hinder, delay or defraud Sachs prohibited by § 727(a)(2)(A). On this record, we find that Sachs made out a *prima facie* case against Adeli under § 727(a)(2)(A) because Adeli admitted that she intended to move nearly all of her available funds into a friend's name with the express purpose of protecting her property from Sachs and because the transfers bear "badges of fraud," as detailed by the BAP. *See Aubrey v. Thomas* (*In re Aubrey*), 111 B.R. 268, 273 (B.A.P. 9th Cir. 1990); *Roberts v. Erhard* (*In re Roberts*), 331 B.R. 876, 884-85 & n.5 (B.A.P. 9th Cir. 2005). Because Sachs has made out a

3

*prima facie* case, Adeli must respond with "credible evidence" in order to prevail. *In re Aubrey*, 111 B.R. at 273.

Here, the bankruptcy court relied on two grounds to support its finding that Adeli lacked the requisite intent under § 727(a)(2)(A). First, the bankruptcy court found that Adeli made the First 2005 Transfers with the purpose of protecting her assets from the misconduct of a creditor—Sachs—and that she therefore lacked the requisite intent under § 727(a)(2)(A). Second, the bankruptcy court additionally held that Adeli lacked the requisite intent under § 727(a)(2)(A) because she relied in good faith upon the advice of her attorneys in making the subject transfers. We find that neither of these grounds is supported by "credible evidence" with which to rebut Sachs' *prima facie* case.

First, the bankruptcy court clearly erred in holding that Adeli lacked the intent to hinder, delay or defraud a creditor under § 727(a)(2)(A) because she acted to protect her assets from creditor misconduct. The record in this case provides no factual basis on which to support a finding of any improper or wrongful behavior by Sachs or his lawyers other than Adeli's unsupported self-serving allegations. *See In re Aubrey*, 111 B.R. at 273 (declining to find a debtor's "self-serving statement of his intent as the best evidence of that intent"). In fact, the bankruptcy court made an express factual finding that "Sachs did not levy on any Adeli assets,

4

which he was entitled to pursue, at any time prior to Adeli's bankruptcy."

Accordingly, we find that the bankruptcy court clearly erred in finding that Adeli's allegations of potential misconduct by Sachs negated her intent under § 727(a)(2)(A). *See Beauchamp v. Hoose* (*In re Beauchamp*), 236 B.R. 727, 731 (B.A.P. 9th Cir. 1999) (affirming a finding of intent to hinder or delay where the bankruptcy court found that the debtor's prepetition transfer of assets was not for the purpose of "thwarting a perceived pattern of improper harassment" and the record did not support a finding of any such harassment), *aff'd*, 5 Fed. App'x 743 (9th Cir. 2001).

Second, the bankruptcy court clearly erred in holding that Adeli lacked the intent to hinder, delay or defraud a creditor under § 727(a)(2)(A) based upon her good faith reliance on the advice of counsel. Where a bankruptcy court finds that the debtor knew that "the purpose of the transfers was to hinder or delay creditors of the debtor[,] [s]uch a finding precludes the defense of good faith reliance on the advice of an attorney even if the client is otherwise innocent of any improper purpose." *In re Adeeb*, 787 F.2d at 1343. Here, Adeli admitted, and the bankruptcy court found, that she transferred funds into her friend's name with the express purpose of "protecting" the money from Sachs. Thus, by Adeli's own admissions both she and her New York counsel knew that the purpose of the First

5

2005 Transfers was to keep Adeli's assets away from Sachs, *i.e.*, to hinder or delay Sachs' collection efforts. Therefore, under *In re Adeeb*, Adeli's reliance on the advice of counsel could not have been in "good faith" because the record shows that she had actual knowledge that the subject transfers were made to hide assets from a creditor. Accordingly, the bankruptcy court clearly erred in finding that Adeli's reliance on the advice of counsel negated her intent under § 727(a)(2)(A).

The bankruptcy court further relied on *In re Adeeb*'s disclose-and-recover defense as an additional ground on which to deny Sachs' § 727(a)(2)(A) challenge to Adeli's bankruptcy petition. In doing so, the bankruptcy court argued that the holding of *In re Adeeb* should be expanded to apply to the facts of the instant case. We disagree and conclude that the disclose-and-recover defense recognized in *In re Adeeb* should not be extended to the situation here, where Adeli, in reliance on the mistaken advice of counsel, failed to recover the First 2005 Transfers' assets until some time after she filed her *voluntary* bankruptcy petition. *Cf. In re Adeeb*, 787 F.2d at 1344-46.

**AFFIRMED**.