FILED

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   CC-15-1063-TaFC |
| ) | |
| INETA KOHLER, ) | Bk. No.   12-17323-VK |
| ) | |
| Debtor. ) | Adv. No.  12-01405-VK |
| _____ ) | |
| ) | |
| INETA KOHLER, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| LYDIA ETMAN, ) | |
| ) | |
| Appellee.[**] ) | |
| _____ ) | |

Argued and Submitted on January 21, 2016
at Pasadena, California

Filed – February 25, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Victoria S. Kaufman, Bankruptcy Judge, Presiding

Appearances:    Andrew S. Mansfield of Higson Cheney Mansfield,
PC argued for appellant Ineta Kohler.

---

[*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

[**]   Appellee did not file a brief; pursuant to the BAP Clerk of Court's conditional order of waiver, she waived her right to appear in this appeal.

Before:   TAYLOR, FARIS, and CORBIT,[***] Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor Ineta Kohler appeals from a judgment excepting a debt from discharge under § 523(a)(2)(A) and denying discharge under § 727(a)(4)(A).   We AFFIRM the bankruptcy court.

## FACTS

### The Etman Loan

The Debtor and Etman were close friends for many years; so much so that when the Debtor fell on hard times in late 2007, Etman loaned the Debtor $25,000.   At the time, the Debtor told Etman that she was selling or intended to sell her real property residence, located in Simi Valley, California (the "Simi Valley Property") and that she would repay Etman from the sale proceeds.   The Debtor assured Etman that the Simi Valley Property provided "plenty of equity" for repayment.   Unbeknownst to Etman, however, the Debtor had recently refinanced the Simi Valley Property and increased the debt owed by $81,000.

The terms of the Etman loan were evidenced by a handwritten promissory note, which provided that it matured three months later, in March 2008, and was secured by the Simi Valley Property.   A deed of trust, however, was neither executed nor recorded.   Instead, the promissory note was notarized; according

---

[***]   The Honorable Frederick P. Corbit, Chief United States Bankruptcy Judge for the Eastern District of Washington, sitting by designation.

[1]   Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

2

to Etman, the Debtor told her that notarizing the promissory note was all that was required.

The Debtor sold the Simi Valley Property in May 2008 and after payment of the debts secured by the property, a sales commission, fees, and similar charges, the Debtor realized $6,341.99 from the sale. The Debtor did not pay Etman anything from the proceeds. Instead, she apparently used the proceeds to defray the costs of renting a house, moving, and storage.

According to Etman, she learned after the fact from the Debtor's ex-husband that the sale of the Simi Valley Property had closed, that the Debtor had received the sale proceeds, and that the proceeds were insufficient to repay her loan. When asked by Etman, the Debtor acknowledged the deficiency but explained that she had forgotten that one of the debts was subject to a prepayment penalty.

Over the next two years, the Debtor made 12 payments on the loan at irregular intervals. Ultimately, she repaid $8,350 of the $25,000 loan; a balance of $16,650 remained at the time of the petition.

Still, the women remained friends, and Etman learned from the Debtor that she was working for a local doctor - Dr. Nguyen - and being paid in cash for services rendered. Apparently, Dr. Nguyen had also assisted the Debtor in obtaining benefits from social security disability insurance. At that point, Etman believed that the Debtor would never repay her, and, pro se, she commenced litigation against the Debtor in state court.

Nearly five years after the Etman loan was made, the Debtor filed a chapter 7 petition.

## The Adversary Proceeding

The adversary complaint asserted claims for relief under §§ 523(a)(2)(A) and 727(a)(4)(A). In particular, Etman sought to except her loan from discharge and for denial of the Debtor's discharge, based on allegations that the Debtor failed to disclose or schedule numerous items on her bankruptcy schedules and statement of financial affairs. The adversary complaint alleged that the Debtor omitted: the income from Dr. Nguyen; a pre-petition sale of a boat and trailer; valuable personal property, including five gold pictures and two autographed guitars; and fractional interests in two parcels of real property in Arizona and New Mexico (the "Properties").[2]

As the case proceeded to trial, the bankruptcy court issued an amended pretrial order, which provided for direct witness testimony through the submission of declarations and limited testimony at trial for rebuttal. Both parties submitted declarations, both for themselves and for their witnesses. Etman, in particular, submitted the declarations of five witnesses who were either friends or acquaintances of the Debtor; one witness also was a former employee of Dr. Nguyen. Etman also filed a supplemental declaration; it appears that the supplemental declaration was, in fact, a reply declaration as

---

[2] The adversary complaint also alleged that the Debtor omitted other valuable personal property assets and an interest in a criminal restitution judgment in favor of the Debtor's father and great-aunt, who died prior to the bankruptcy filing. The bankruptcy court ultimately determined that Etman did not meet her burden with respect to those items and no cross-appeal was taken.

4

permitted by the pretrial order.

The Debtor filed evidentiary objections to all of the declarations submitted by Etman. In a tentative ruling and with one exception, the bankruptcy court addressed the Debtor's objections to each individual declaration (including Etman's supplemental declaration), stating its intent to sustain certain objections and overrule others. It, however, did not, address the Debtor's objections to Etman's initial declaration.

Following a trial, the bankruptcy court issued a detailed memorandum decision in which it determined that Etman had met her burden of proof under §§ 523(a)(2)(A) and 727(a)(4)(A). In the subsequent judgment, the bankruptcy court liquidated the § 523(a)(2)(A) judgment in Etman's favor in the amount of $16,650, taking into account the Debtor's payments on the Etman loan.

The Debtor timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I) and (J). We have jurisdiction under 28 U.S.C. § 158.

**ISSUES**

1. Whether the bankruptcy court ruled on the Debtor's evidentiary objections.

2. Whether the bankruptcy court's conduct of the trial resulted in prejudice to the Debtor.

3. Whether the bankruptcy court erred in determining that the loan was excepted from discharge under § 523(a)(2)(A).

4. Whether the bankruptcy court erred in denying discharge

pursuant to § 727(a)(4)(A).

## STANDARDS OF REVIEW

In reviewing a bankruptcy court's determination of an exception to discharge, we review its findings of fact for clear error and its conclusions of law de novo. Oney v. Weinberg (In re Weinberg), 410 B.R. 19, 28 (9th Cir. BAP 2009). A debtor's intent is a factual finding reviewed for clear error. Candland v. Ins. Co. of N. Am. (In re Candland), 90 F.3d 1466, 1469 (9th Cir. 1996). A factual finding is clearly erroneous if it is illogical, implausible, or without support in inferences that may be drawn from the facts in the record. Retz v. Samson (In re Retz), 606 F.3d 1189, 1196 (9th Cir. 2010).

We review the denial of discharge as follows: (1) determinations of the historical facts are reviewed for clear error; (2) selection of the applicable legal rules under § 727 are reviewed de novo; and (3) application of the facts to those rules requiring the exercise of judgments about values animating the rules are reviewed de novo. Id. We give great deference to the bankruptcy court's findings when they are based on its determinations as to the credibility of witnesses. Id.

Whether the bankruptcy court permitted evidence to be presented at trial that violated or exceeded the scope of the pretrial order is reviewed for an abuse of discretion. Cf. Rafter Seven Ranches L.P. v. WNL Invs., LLC (In re Rafter Seven Ranches L.P.), 414 B.R. 722, 732 (10th Cir. BAP 2009). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are clearly erroneous. See TrafficSchool.com,

<u>Inc. v. Edriver Inc.</u>, 653 F.3d 820, 832 (9th Cir. 2011).

**DISCUSSION**

We first address the Debtor's assertions of error on issues of evidence, the pretrial order, and the bankruptcy court's conduct of the trial.

**A.  With one exception, there was no error in the bankruptcy court's evidentiary rulings or its conduct of the trial; and, on this record, the only error was harmless.**

The Debtor contends that her objections to the declarations submitted by Etman were never addressed or properly ruled on by the bankruptcy court.  To the extent they were, however, she argues summarily that we must review the rulings for foundation, materiality, and probative value, as contained in her objections before the bankruptcy court.

With one exception, the record shows that the bankruptcy court ruled on the evidentiary objections.  Prior to the first day of trial, it issued a tentative ruling addressing the objections on a declaration-by-declaration basis.  It then adopted and read its tentative ruling into the record at trial.

The sole exception relates to Etman's initial declaration. Neither the tentative ruling nor the trial transcripts contain a ruling on the Debtor's objections to that declaration.  And the ruling on the objections to Etman's supplemental declaration did not resolve this problem; the supplemental declaration did not incorporate or replace the initial declaration.  Nonetheless, this oversight does not constitute reversible error.  That is because, "[w]here the court fails to specifically rule on the admission of evidence, and where both parties had opportunity to

7

urge their objections, in the absence of any indication to the contrary, we can presume that admissible evidence was admitted and that inadmissible evidence was rejected." Wagner Tractor, Inc. v. Shields, 381 F.2d 441, 446 (9th Cir. 1967).

On this record, the bankruptcy court's failure to rule on the Debtor's objections to the initial Etman declaration was harmless error for two reasons. First, both the Debtor and Etman testified at trial, and the bankruptcy court had the opportunity to independently evaluate their testimony and credibility. Second, the Debtor's objections to Etman's initial declaration mostly related to evidence immaterial to the bankruptcy court's final decision.

We further decline to review the rulings the bankruptcy court did make. First, the Debtor does not specifically and distinctly address the bankruptcy court's rulings on these points. Second, the record shows that she did not raise each of these particular objections before the bankruptcy court. And, third, the bankruptcy court sustained some of the Debtor's objections. As the appellant, it is the Debtor's responsibility to advance these arguments with particularity and within the framework of the Federal Rules of Evidence; she has not met her burden here, and we decline to shoulder it for her.

In our interpretation, the Debtor also challenges the bankruptcy court's conduct of the trial as unfairly prejudicial. She complains that the trial transcripts are replete with attacks on her character and asserts that "[a] short review of the trial transcript demonstrates how many times this attack recurred during the trial, infected the proceedings, and most

8

often came in the form of testimony from Ms. Standard, Appellee's attorney." Standard, however, was not sworn in to testify as a witness at trial; thus, by definition she did not testify. That counsel sought to impeach the Debtor's credibility as a witness did not render any of counsel's arguments to the bankruptcy court inadmissible character evidence.

The remainder of the Debtor's arguments with respect to the trial are similarly unavailing. She complains that "[f]rom a review of the trial transcript, it is apparent that most of the provisions of the [pretrial order] were not followed." In support of her argument, the Debtor broadly alleges that exhibits were introduced at trial that were not attached to declarations, as the pretrial order required. She, however, does not particularly identify the exhibits she references. And to the extent she refers obliquely to impeachment evidence, there is no indication in the record that any such evidence was admitted into the record.

The Debtor next asserts that, contrary to the pretrial order's limitation of additional evidence at trial to true rebuttal evidence, "[t]he parties, as can be seen through the transcript, provided lengthy direct testimony under lax control allowing no time for [the Debtor] to object." Again, she does not specifically identify which testimony she refers to, where she did not have an opportunity to object, and how the lack of such an opportunity resulted in prejudice.

The Debtor further complains that cross-examination and re-direct often exceeded the scope of direct testimony as

provided in the declarations. Once again, however, her argument is vague, and she does not point to any specific instance in the record.

And, finally, the Debtor argues that the order of the witnesses' testimony was prejudicial and improper; namely, that she was cross-examined first "when all that had happened (under the declarations) was that [Etman] had presented her case in chief." We do not quite understand this argument. But, to the extent she contends that prejudice resulted because the witnesses testified "out of order," it is without merit. The record shows that, on the first day of trial, the Debtor expressly asked the bankruptcy court to allow that Dr. Nguyen be permitted to testify first, based on his schedule and limited availability. And nothing in the record suggests that the order of witnesses had any impact on the bankruptcy court's decision.

**B.    The bankruptcy court did not err in denying the Debtor's discharge under § 727(a)(4)(A).**

Section 727(a)(4)(A) provides for discharge denial where "the debtor knowingly and fraudulently, in or in connection with the case[,] made a false oath or account." A false oath includes "[a] false statement or an omission in the debtor's bankruptcy schedules or statement of financial affairs . . . ." Khalil v. Developers Sur. & Indem. Co. (In re Khalil), 379 B.R. 163, 172 (9th Cir. BAP 2007). "The fundamental purpose of § 727(a)(4)(A) is to insure that the trustee and creditors have accurate information without having to conduct costly investigations." Id. (internal quotation marks and citation omitted).

10

The objector to discharge must show, by a preponderance of the evidence, that: "(1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently." In re Retz, 606 F.3d at 1196-97 (quoting Roberts v. Erhard (In re Roberts), 331 B.R. 876, 882 (9th Cir. BAP 2005)). Objections to discharge are liberally construed in favor of the debtor and against the objector. In re Khalil, 379 B.R. at 172. For that reason, the objector bears the burden to prove by a preponderance of the evidence that the debtor's discharge should be denied. Id.

Here, the Debtor focuses solely on the materiality element. She contends that "[e]very single one of the alleged omissions or false statements raised by [Etman] [were] immaterial or relate to exempt property that [was] not property of the estate." We disagree.

"A fact is material if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property." Id. at 173 (internal quotation marks and citation omitted). Materiality requires an impact in the bankruptcy case and may exist "even if it does not cause direct financial prejudice to creditors." Id. at 177 (internal quotation marks and citation omitted).

The bankruptcy court determined that a significant omission from the schedules was the Debtor's income from Dr. Nguyen. Based on the testimony of Etman and her five witnesses, the bankruptcy court found that, prepetition, the

11

Debtor worked for Dr. Nguyen and that she received money in exchange for her work. It found the testimony of these individuals more credible than that of the Debtor and Dr. Nguyen, as the plaintiff's witnesses had no motivation to provide false testimony. In contrast, the Debtor was receiving benefits from social security disability insurance and did not want to jeopardize her receipt of this money.

Contrary to the Debtor's assertion, this omission was material. As the bankruptcy court pointed out, the omission potentially impacted the Debtor's ability to file a chapter 7 case, given that she also received social security disability benefits at the time of petition. And it frustrated the chapter 7 trustee's access to a complete and honest snapshot of the Debtor's financial landscape.

The bankruptcy court also found that the Debtor omitted or misrepresented the following items on her schedules and SOFA: five gold pictures, two autographed guitars, the Properties, and the pre-petition sale of the boat and trailer. The Debtor contends that these alleged omissions or misrepresentations were immaterial based on the small value of the asset or the fact that it was completely exempt in bankruptcy. That was perhaps true in isolation in regards to a specific asset; here, however, the bankruptcy court considered the omission of several assets and a material pre-petition transaction that the Debtor was required to disclose. We cannot conclude that the bankruptcy court clearly erred in determining that the cumulative omissions and misrepresentations were material.

The Debtor also attempts to defend herself on the basis

12

that later, she made payments to Etman on the loan. But the discharge denial was based on the Debtor's false oaths on her schedules and SOFA – not on the Etman loan. She also, again, alleges improper trial procedures and that this somehow undermined the bankruptcy court's rulings. For the reasons already discussed, we disagree.

The Debtor does not challenge the other requirements of § 727(a)(4)(A).[3] On that basis, and given the bankruptcy court's extensive findings and conclusions in its memorandum decision, we conclude that it did not err in denying the Debtor's discharge under § 727(a)(4)(A).

**C.    The bankruptcy court did not err in excepting the Etman loan from discharge under § 523(a)(2)(A).**

Section 523(a)(2)(A) excepts from discharge a debt resulting from "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." A creditor seeking to except a debt from discharge based on fraud bears the burden of proof of showing, by a preponderance of the evidence, satisfaction of the following elements: (1) misrepresentation, fraudulent omission or deceptive conduct; (2) knowledge of the falsity or deceptiveness of such representation(s) or omission(s); (3) an intent to deceive; (4) justifiable reliance by the creditor on the subject representation(s) or conduct; and (5) damage to the

---

[3]   The Debtor broadly argues that a false oath requires fraudulent intent, which must be proven with particularity and not simply alleged. She does not, however, argue that the bankruptcy court's findings of fraudulent intent were clearly erroneous.

creditor proximately caused by its reliance on such representation(s) or conduct. <u>Ghomeshi v. Sabban (In re Sabban)</u>, 600 F.3d 1219, 1222 (9th Cir. 2010); <u>Oney v. Weinberg (In re Weinberg)</u>, 410 B.R. 19, 35 (9th Cir. BAP 2009).

On appeal, the Debtor's argument focuses solely on intent; she argues, in effect, that she did not possess the intent to deceive at the time that the loan was made because she believed that the Simi Valley Property would sell for more than it actually did. She also points to her subsequent payments as proof that she always intended to repay the loan.

Whether a debtor possessed an intent to deceive within the meaning of § 523(a)(2)(A) is a question of fact that "can be inferred from surrounding circumstances." <u>Cowen v. Kennedy (In re Kennedy)</u>, 108 F.3d 1015, 1018 (9th Cir. 1997). The bankruptcy court found that in order to induce Etman to make the loan, the Debtor misrepresented her intent and ability to repay the loan. And, insofar as the parties' version of events resulting in the loan conflicted, it found that the Debtor was not a credible witness, based on other instances of misrepresentation.[4]

Based on the record, the bankruptcy court's intent finding was not clearly erroneous. This is particularly true here,

---

[4] These misrepresentations included: the Debtor's testimony that she was only a "volunteer" in Dr. Nguyen's office when other evidence established that she worked there and received income; false statements made by the Debtor in the 2007 refinancing application on the Simi Valley Property; incorrect information regarding the sale of the boat and trailer in documents submitted to the DMV; and a misrepresentation as to the condition of the boat in the Debtor's SOFA.

14

where its findings were based in part on its evaluation of witness credibility, to which we afford significant deference.

Several facts in the record are beyond dispute, namely that: in November 2007, the Debtor told Etman that she would repay the loan from the sale proceeds of the Simi Valley Property; the Debtor promised to repay the loan by March 2008, as evidenced by the promissory note; the Debtor did not repay the loan under the terms of the note; when the Simi Valley Property sale finally closed and she received the sale proceeds, the Debtor did not tell Etman; and the Debtor did not pay Etman anything from the net sale proceeds. The bankruptcy court appropriately inferred from the Debtor's misrepresentation regarding the loan repayment that she harbored the requisite intent to deceive.

The Debtor does not particularly challenge the bankruptcy court's findings or conclusions regarding the other elements of § 523(a)(2)(A). Given that fact, and the quality of the bankruptcy court's findings and conclusions on those elements in its memorandum decision, we conclude that it did not err in determining that the loan was excepted from discharge under § 523(a)(2)(A).

## CONCLUSION

Based on the foregoing, we AFFIRM.