**NOT FOR PUBLICATION**

FILED

APR 05 2016

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   CC-15-1075-KuFTa |
| ZOHRA MURTAZA, ) | Bk. No.   8:14-bk-11655-TA |
| Debtor. ) | Adv. No.   8:14-ap-01199-TA |
| _____ ) | |
| ZOHRA MURTAZA, ) | |
| Appellant, ) | |
| v. ) | **MEMORANDUM**[*] |
| JOEL SIGMUND; LESLIE SIGMUND; ) QAYYUM KOCHAI; SHELLEY SLATEN, ) | |
| Appellees. ) | |
| _____ ) | |

Argued and Submitted on February 19, 2016
at Pasadena, California

Filed – April 5, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Theodor C. Albert, Bankruptcy Judge, Presiding

Appearances:   Mogeeb Weiss argued for appellant Zohra Murtaza;
Sally Gersten Sopkin argued for appellees Joel
Sigmund, Leslie Sigmund and Shelley Slaten; Martin
Deutsch argued for appellee Qayyum Kochai.

Before: KURTZ, FARIS and TAYLOR, Bankruptcy Judges.

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

**INTRODUCTION**

Zohra Murtaza appeals from the bankruptcy court's summary judgment denying Murtaza a discharge under 11 U.S.C. § 727(a)(4)(A).[1] The bankruptcy court erroneously utilized the summary judgment proceedings to dispose of genuine issues of material fact concerning whether Murtaza knowingly and fraudulently made errors and omissions in her bankruptcy schedules and in her statement of financial affairs. We VACATE the summary judgment, and we REMAND for trial on the issues concerning Murtaza's state of mind.

**FACTS**

Murtaza filed her chapter 7 bankruptcy petition in March 2014. The same day the bankruptcy case was commenced, the bankruptcy court issued a notice to creditors informing them that June 27, 2014 was the last day for filing complaints objecting to the debtor's discharge and for filing complaints challenging the dischargeability of particular debts. On the last day, plaintiffs Shelley Slaten, Joel Sigmund and Leslie Sigmund and plaintiff Qayyum Kochai filed complaints objecting to Murtaza's discharge and challenging the dischargeability of specific debts. The bankruptcy court entered an order consolidating the two adversary proceedings.

Shortly after the adversary proceedings were consolidated, the bankruptcy court heard and ruled on the plaintiffs' summary

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

2

judgment motion. In relevant part, the bankruptcy court ruled that the plaintiffs were entitled to summary judgment on their § 727(a)(4)(A) claim for relief, which sought to deny Murtaza her discharge based on her allegedly making knowing and fraudulent false oaths in her bankruptcy schedules, in her statement of financial affairs, and at a Rule 2004 examination. The plaintiffs' summary judgment motion was supported by the following facts relating to the § 727(a)(4)(A) claim:

- Murtaza omitted from her schedules and from her statement of financial affairs her interest in her son Zaid's bank account at U.S. Bank. This interest arose from the fact that she sometimes cashed her payroll checks and then deposited the cash in his bank account with the understanding that the funds would be used to pay some of her bills.

- Murtaza admitted using Zaid's bank account in this manner and said that she did so because, otherwise, her judgment creditors would have levied the funds from her own bank account.

- Murtaza omitted from her schedules her interest in a debit card account; her employer sometimes deposited her wages into that account.

- Murtaza omitted from her schedules and from her statement of financial affairs her interest in an inheritance from her father's estate that was settled in her favor in 2012 in at least the amount of $200,000 and perhaps as much as $350,000.

- Murtaza omitted from her schedules and from her statement of

3

financial affairs the fact that she never received the inheritance because her brother Bilal appropriated those funds to offset losses Bilal allegedly suffered after investing in or lending money to First AFG Financial. According to Murtaza, she was an officer of that company but was not personally responsible for its debts.

- In her original and amended Schedule I, Murtaza overstated her net monthly take-home pay by more than $1,000.

- In her statement of financial affairs, Murtaza understated her 2012 income by at least $40,000 and perhaps as much as $54,000, by omitting her independent contractor work for a business known as "Seasons at Laguna"; in addition, she initially did not report this income to the IRS.

- Murtaza was unable to reconcile the amount of contributions she listed in her statement of financial affairs as received from family members with the specific expenses she claimed they regularly paid on her behalf.

- Murtaza's original current monthly income statement overstated her household size as including five persons; she later amended her current monthly income statement apparently to exclude her ex-husband, who had resided outside the country for a matter of years, but she still claimed her 22-year old son as part of her household.

- Murtaza omitted from her schedules and statement of financial affairs any reference to a parcel of real property located on West Boulevard in Los Angeles (or any reference to money lent against it), even though between 2004 and 2008 that property was transferred back and forth between First

4

AFG Financial on the one hand and Murtaza and her husband Mostafa Ismail on the other hand, and even though millions of dollars were lent against the property – some while Murtaza and her husband owned it.

- Murtaza listed her sister (on her Schedule B) as a lienholder on her 2010 Mercedes Benz but stated at her Rule 2004 examination that she did not owe her sister any money and that her sister actually owned the Mercedes.
- Murtaza omitted from her schedules her interest in certain businesses including, among others, Orange Burger Burrito, Rent to Own Car and A 2 B Mortgage.

In large part, Murtaza did not dispute that her schedules and statement of financial affairs contained many of the above-referenced errors and omissions. Instead, she primarily argued that the errors and omissions were immaterial and that she did not knowingly and fraudulently make the errors and omissions. Murtaza's opposition was supported by a handful of exhibits and a two-page declaration, in which she addressed some but not all of the plaintiffs' allegations. In her declaration, Murtaza never explicitly denied that she knowingly made errors and omissions in her bankruptcy filings. Nor did she specifically say that she never intended to deceive her creditors. At the same time, the gist of the declaration is consistent with a lack of knowledge and a lack of fraudulent intent.

The bankruptcy court disagreed with Murtaza. The court's ruling concentrated on five general types of errors and omissions: (1) Murtaza's failure to disclose interests in certain businesses; (2) inconsistencies in Murtaza's scheduled income and

5

expenses; (3) Murtaza's failure to mention anywhere in her schedules or statement of financial affairs the inheritance co-opted by her brother Bilal; (4) Murtaza's failure to mention anywhere in her schedules or statement of financial affairs the funds she deposited in her son Zaid's bank account; and (5) Murtaza's failure to amend her schedules and statement of financial affairs to rectify the errors and omissions in the original documents. The bankruptcy court determined that each of these types of errors and omissions was material, deliberate and made with the intent to deceive Murtaza's creditors or her bankruptcy estate.

In determining Murtaza's state of mind, the bankruptcy court explained, in part, that some of Murtaza's claims of ignorance regarding her financial affairs were "not believable." The bankruptcy court further explained that, "[f]rom Debtor's multiple failures to be forthcoming the court can and does infer the Debtor [had] fraudulent intent." In addition, the court concluded that Murtaza affirmatively attempted to conceal the inheritance.

The bankruptcy court entered its order granting summary judgment on March 17, 2015, and entered separate findings of fact and conclusions of law on that same date. Murtaza timely filed a notice of appeal on March 4, 2015. Subsequently, in November 2015, after this Panel raised concerns regarding the finality of the order on appeal, the bankruptcy court amended its summary judgment order and its findings of fact and conclusions of law to provide for dismissal of all of the plaintiffs' claims for relief other than their § 727(a)(4)(A) claim.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I) and (J), and we have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Did the bankruptcy court commit reversible error when it granted summary judgment against Murtaza on the plaintiffs' § 727(a)(4)(A) claim?

**STANDARDS OF REVIEW**

Generally speaking, a denial of discharge judgment is subject to the following standards of review: "'(1) the [bankruptcy] court's determinations of the historical facts are reviewed for clear error; (2) the selection of the applicable legal rules under § 727 is reviewed de novo; and (3) the application of the facts to those rules requiring the exercise of judgments about values animating the rules is reviewed de novo.'" Retz v. Samson (In re Retz), 606 F.3d 1189, 1196 (9th Cir. 2010) (quoting Searles v. Riley (In re Searles), 317 B.R. 368, 373 (9th Cir. BAP 2004)).

Here, however, we need to focus instead on summary judgment standards. We review de novo the bankruptcy court's summary judgment ruling, and we must apply the same legal standards that all federal courts are required to apply in considering the propriety of summary judgment. Marciano v. Fahs (In re Marciano), 459 B.R. 27, 35 (9th Cir. BAP 2011), aff'd, 708 F.3d 1123 (9th Cir. 2013).

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant

is entitled to judgment as a matter of law." <u>Wank v. Gordon (In re Wank)</u>, 505 B.R. 878, 886 (9th Cir. BAP 2014) (citing Civil Rule 56(a), which is made applicable in adversary proceedings by Rule 7056). An issue is genuine if there is enough evidence for a reasonable trier of fact to make a finding in favor of the non-moving party, and an issue is material if it might legally affect the outcome of the case. <u>Far Out Prods., Inc. v. Oskar</u>, 247 F.3d 986, 992 (9th Cir. 2001) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986)).

In considering summary judgment, the court is not permitted to weigh the evidence. <u>In re Wank</u>, 505 B.R. at 886. Nor may a court's summary judgment ruling make credibility determinations or make inferences – if it is possible to reasonably infer otherwise. <u>See Anderson</u>, 477 U.S. at 255. As the <u>Anderson</u> court aptly put it, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." <u>Id.</u>

## DISCUSSION

One ground for denying discharge under § 727(a) arises when "the debtor knowingly and fraudulently, in or in connection with the case[,] made a false oath or account." § 727(a)(4)(A). To establish a §727(a)(4)(A) claim for relief, a plaintiff must demonstrate by a preponderance of the evidence that: "(1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently." <u>In re Retz</u>, 606 F.3d at 1196-97 (quoting <u>Roberts v. Erhard (In re Roberts)</u>, 331 B.R. 876, 882 (9th Cir. BAP 2005)).

8

A false oath is knowingly made if it is made deliberately or consciously. Khalil v. Developers Sur. & Indem. Co. (In re Khalil), 379 B.R. 163, 173 (9th Cir. BAP 2007), aff'd, 578 F.3d 1167, 1168 (9th Cir. 2009) (citing In re Roberts, 331 B.R. at 883). And a false oath is fraudulently made if the debtor: (1) made the false oath, (2) knowing at that time it was false, and (3) with the intent and purpose of deceiving his or her creditors. In re Retz, 606 F.3d at 1198-99. The fraudulent intent element requires actual fraudulent intent; constructive fraudulent intent is insufficient. Id. at 1196.

Unless the debtor admits fraudulent intent, the plaintiff typically proves fraudulent intent by offering circumstantial evidence and asking the bankruptcy court to infer fraudulent intent based on the debtor's conduct. Id. at 1199. A plaintiff can help support its fraudulent intent allegation by demonstrating that the debtor exhibited a reckless indifference or reckless disregard for the truth, but reckless indifference and reckless disregard are not sufficient, by themselves, to establish fraudulent intent. Id. (citing In re Khalil, 379 B.R. at 173-75).

Murtaza does not deny on appeal that she made false oaths. For purposes of § 727(a)(4)(A), errors and omissions made by debtors in their bankruptcy schedules and in their statements of financial affairs constitute false oaths. In re Retz, 606 F.3d at 1196.

Nor can Murtaza seriously contend that none of her errors and omissions were material. In the context of § 727(a)(4)(A), materiality is conceived of broadly, as including any fact that

9

"bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property." Id. at 1198. The Retz court held that the materiality element was satisfied when the error or omission detrimentally affected the estate by interfering with estate administration. Id.

Under the undisputed facts in the summary judgment record, the bankruptcy court correctly determined that Murtaza's errors and omissions had interfered with the administration of Murtaza's bankruptcy estate. A number of different property interests of Murtaza's were either inaccurately reported or not reported at all. These errors and omissions constituted a significant obstacle to the expeditious and efficient administration of Murtaza's bankruptcy estate. Congress enacted § 727(a)(4)(A) as a means of discouraging debtors from intentionally creating such obstacles. See generally In re Khalil, 379 B.R. at 172 (describing purpose of statute).

However, Murtaza can and does credibly argue on appeal that the bankruptcy court erred when it determined, on summary judgment, that Murtaza's errors and omissions were knowingly and fraudulently made. Murtaza never admitted that she knew her bankruptcy schedules and her statement of financial affairs were inaccurate and incomplete at the time she signed them, nor did she admit that she intended to deceive her creditors by filing inaccurate and incomplete documents. Consequently, in making its knowledge and intent determinations, the bankruptcy court relied on the circumstantial evidence in the record and inferred Murtaza's knowledge and intent based on her conduct.

10

We are troubled by the bankruptcy court's attempt, on summary judgment, to delve into Murtaza's state of mind. It very well might be reasonable, on this record, to infer that Murtaza's errors and omissions were knowingly and fraudulently made. Nonetheless, summary judgment should have been denied unless **no** reasonable trier of fact could have found in Murtaza's favor on the knowledge and intent issues. See Anderson, 477 U.S. at 249-52; see also Fogal Legware of Switz., Inc. v. Wills (In re Wills), 243 B.R. 58, 65 (9th Cir. BAP 1999) ("Summary judgment is ordinarily not appropriate in a § 727 action where there is an issue of intent.").

On this record, we simply are not prepared to say that inferences regarding Murtaza's knowledge and intent would have been unreasonable if made in her favor. Under Anderson, 477 U.S. at 255, all justifiable inferences must be drawn in the non-moving party's favor. Because the bankruptcy court did not do this when it ruled on the plaintiffs' summary judgment motion, the bankruptcy court committed reversible error.

We recognize that the evidence Murtaza submitted in support of her opposition to the summary judgment motion was quite thin. Even so, there is no such thing as obtaining summary judgment by default. Heinemann v. Setterberg, 731 F.3d 914, 916-17 (9th Cir. 2013). More importantly, focusing on the weaknesses in Murtaza's opposition is a blind alley. The defects in the bankruptcy court's summary judgment decision are controlling. The decision impermissibly weighed the evidence, impermissibly determined Murtaza's credibility and impermissibly made inferences against her that reasonably could have been made in her favor.

11

**CONCLUSION**

For the reasons set forth above, we VACATE the bankruptcy court's summary judgment, and we REMAND for trial on the issues concerning Murtaza's state of mind.