MEMORANDUM **
Golden Chain appeals the district court’s decision to uphold the bankruptcy court’s denial of Golden Chain’s motion either to reopen the bankruptcy case under 11 U.S.C. § 350(b) or to give Golden Chain relief from judgment under Fed.R.Civ.P. 60(b).
A bankruptcy court’s decision not to reopen a bankruptcy case is reviewed for abuse of discretion. See Weiner v. Perry, Settles & Lawson, Inc. (In re Weiner), 161 F.3d 1216, 1217 (9th Cir.1998). Given the length of time the case was closed and the opportunities that Golden Chain’s predeeessors-in-interest had to raise the concerns now asserted by Golden Chain, the bankruptcy court did not abuse its discretion in refusing to reopen the case after three years. See Vasquez v. Adair (In re Adair), 253 B.R. 85, 89 (9th Cir. BAP 2000) (“[I]t is appropriate to consider the length of time between closure of the case and the request to reopen.”).
Nor does this court’s decision in McGhan v. Rutz (In re McGhan), 288 F.3d 1172 (9th Cir.2002), require the bankruptcy court to reopen the case in order to consider issues that Golden Chain argues are under the exclusive jurisdiction of the *268 bankruptcy court. The abuse of discretion we identified in In re McGhan was premised on the bankruptcy court’s refusal to reopen a case to stop a state court action that was impinging on the bankruptcy court’s exclusive jurisdiction. There is no such concern here. See id. at 1182.
“We review a district court’s denial of a Rule 60(b) motion for an abuse of discretion.” United States v. 87 Skyline Terrace, 26 F.3d 923, 929 (9th Cir.1994). For the same reasons refusing to reopen the bankruptcy case was not an abuse of discretion, the bankruptcy judge did not abuse its discretion in declining to set aside the default judgment. Moreover, Golden Chain’s reliance on Falk v. Allen, 739 F.2d 461 (9th Cir.1984) is misplaced because Falk and its progeny all concern default judgments entered without the knowledge of the defendant.
Babe Mines asserts that this action is barred by the doctrine of res judicata. However, “[t]he doctrine of res judicata does not apply to direct attacks on judgments” such as this. Watts v. Pinckney, 752 F.2d 406, 410 (9th Cir.1985) (emphasis in original).
Babe Mines appeals the district court’s decision, which (as we construe) refused Babe Mines’ request to notify Golden Chain of potential sanctions under Fed. R. Banke.P. 8020. ‘We review for an abuse of discretion the district court’s denial of a motion for sanctions.” Avery Dennison Corp. v. Allendale Mut. Ins. Co., 310 F.3d 1114, 1117 (9th Cir.2002). Given the deferential standard of review applied to the bankruptcy judge’s decision, Golden Chain’s chance of success on appeal to the district court was certainly slim. Even so, the district court did not abuse its discretion in declining to notify Golden Chain of potential sanctions given the possibility that Golden Chain’s underlying claims had merit. Likewise, we find on appeal that Golden Cham’s litigation of its motion does not rise to the level of frivolity that would justify imposing sanctions. See Taylor v. Sentry Life Ins. Co., 729 F.2d 652, 656 (9th Cir.1984) (“An appeal is considered frivolous in this circuit when the result is obvious or the appellant’s arguments of error are wholly without merit.”) (internal citations omitted).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.