NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

In re:
BRENT EVAN WEBSTER,

          Debtor.

BRENT EVAN WEBSTER,

          Appellant.

BAP No. OR-23-1005-LBG

Bk. No. 19-34090-PCM

**MEMORANDUM**<sup>*</sup>

Appeal from the United States Bankruptcy Court
for the District of Oregon
Peter C. McKittrick, Bankruptcy Judge, Presiding

Before: LAFFERTY, BRAND, and GAN, Bankruptcy Judges.

## INTRODUCTION

Debtor Brent Evan Webster appeals the bankruptcy court's denial of his motion to reopen his chapter 13[1] bankruptcy case. As a dismissed bankruptcy case cannot be reopened, we see no error and AFFIRM.

---

      \* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

      [1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

## A. The bankruptcy filing

Webster filed his chapter 7 case on November 4, 2019. In early December 2019, the bankruptcy court granted his motion to convert his case to chapter 13. In his schedules he claimed a disputed 50% ownership interest in real property valued at $332,840.50 secured by disputed liens of approximately $420,000. He reported that he is unemployed with income of $600 per month from work as a handyman with total monthly expenses of $600 which included no residence rental expense and/or payment of a mortgage.

## B. The chapter 13 plan and subsequent events

Webster filed his initial chapter 13 plan proposing to pay $50 per month for 36 months. Select Portfolio Services ("SPS") objected to the plan noting that it did not pay arrearages owed to it of $24,000, nor pay the regular monthly payment, property taxes or insurance. The chapter 13 trustee objected to the plan noting, among other things, the lack of feasibility. The Oregon Department of Justice, Division of Child Support ("DOJ") also objected to the plan noting that priority claims of $74,048 for past due child support were not provided for in the plan.

In response, Webster filed objections to nine proofs of claim including the DOJ claim, and a one-page response to the various objections

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case and adversary proceedings. *See Atwood v. Chase*

to his plan. At the first hearing on confirmation of the plan, the bankruptcy court denied confirmation and gave Webster time to file an amended plan. Webster's first amended plan did not change the plan payment of $50, but it proposed also to pay creditors "[a]ny non-exempt proceeds from Aramark Lawsuit listed on Schedule B, line 33[.]"[3]

Webster also filed three separate one-page "Notice[s] of an Adversary Complaint" against SPS, the DOJ and creditors Alex and Connie Trail. In the notices, Webster demanded a jury trial "to challenge the claim . . . as invalid and fraudulent." No separate complaint was filed with the "notices." Each of the adversary defendants filed motions to dismiss the respective adversary proceeding filed against them.

On April 16, 2020, the bankruptcy court conducted a hearing on the claims objections as well as the motions to dismiss. After some discussion, the bankruptcy court denied confirmation of the amended plan giving Webster the opportunity to file another amended plan and continued the hearing to April 30, 2020.

Webster's second amended plan proposed monthly plan payments of $0.00 for 60 months; it also proposed to pay into the plan any amounts due to him from tax refunds. The plan removed the proposal to contribute the proceeds from the "Aramark Lawsuit" as provided in the previous plan.

---

*Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] Schedule B, line 33, disclosed a claim against a third party without naming the party. The basis for the claim was "neighbor purposely caused death of family pet and a annuity dispu (sic)."

The bankruptcy court conducted a continued hearing on April 30, 2020 at which time it explained its rulings on the motions to dismiss the adversary proceedings and on the claims objections. With respect to the SPS objection, the court indicated that an evidentiary hearing would be required. With respect to the DOJ objection, the court requested a declaration from the DOJ to authenticate certain documents. As to the remaining issues, the bankruptcy court dismissed each of the adversary proceedings and overruled the claims objections.

At the end of the hearing, the bankruptcy court warned Webster that if it overruled his DOJ claim objection, he would have to pay the priority claim in full over the life of the plan. The DOJ filed the requested declarations thereafter and the bankruptcy court entered its order overruling the objection.

Webster filed his third amended plan on June 2, 2020 which continued to provide for no monthly plan payments.

## C. The evidentiary hearing and resulting dismissal of the chapter 13 case

On July 2, 2020, the bankruptcy court conducted a lengthy telephonic hearing on Webster's objection to the SPS claim, a motion to dismiss the case filed by creditor Azonia Haney, and confirmation of the most recent chapter 13 plan. The bankruptcy court permitted direct and cross-examination of Webster and four other individuals.

After additional argument, the bankruptcy court overruled the

objection to SPS's claim, denied confirmation of Webster's plan, and granted the motion to dismiss the bankruptcy case, finding that Webster was unable to fund a plan and that his plan was proposed in bad faith. The court indicated that dismissal would be without a bar on refiling.

**D.     The motion to reopen the chapter 13 case**

On December 28, 2022, approximately two years and five months after dismissal, Webster filed a motion to reopen his chapter 13 case. The motion largely repeated Webster's prior arguments and asserted "mistake, inadvertence, surprise of excusable neglect" with no facts or evidence supporting those allegations.

The bankruptcy court denied the motion one week later without a hearing. In its order, the court noted that, under § 350(b), the case could not be reopened as a matter of law since the case had been dismissed and not "closed." The court also explained that even if it considered the motion to reopen as a motion to vacate the dismissal of the case, there was no cause shown to vacate the dismissal. Finally, the court considered the motion under Civil Rule 60(b), made applicable to this matter by Rule 9024, and ruled that the request was not made within a reasonable amount of time nor did Webster offer any reason why the court should reconsider its prior ruling that the plan was proposed in bad faith and was not feasible.

Webster appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and

5

157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err in denying Webster's motion to reopen his chapter 13 case?

## STANDARD OF REVIEW

We review a refusal to reopen a bankruptcy case for an abuse of discretion. *McGhan v. Rutz, (In re McGhan)*, 288 F.3d 1172, 1178 (9th Cir. 2002) (citations omitted). To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

## DISCUSSION

**A. The bankruptcy court did not abuse its discretion in denying the motion to reopen the chapter 13 case.**

**1. Only a closed case may be reopened.**

Section 350(a) provides: "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Section 350(b) provides: "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other

cause." As we noted in *Landress v. Cambridge Land Co. II, LLC (In re Cambridge Land Co. II, LLC)*, 626 B.R. 319, 324 (9th Cir. BAP 2021), only a case "closed" under § 350(a) can be "reopened" under § 350(b) (citing cases). A case that is dismissed is not closed under § 350(a) and therefore cannot be reopened.

It is beyond cavil that the chapter 13 case with no confirmed plan was not fully administered and therefore could not be closed pursuant to § 350(a). It was not closed and cannot be reopened. And Webster offers no argument or authority otherwise in his brief.

**2.      The motion provided no evidence to establish a basis to reopen the case.**

Section 350(b) requires a showing that reopening a bankruptcy case will "accord relief to the debtor," or that there is other cause. Webster provided no basis for relief or other cause either in the motion to reopen or in his appellate brief. His chapter 13 case was dismissed largely based on his third amended chapter 13 plan which proposed no monthly payments to creditors. His motion to reopen made no offer to change his proposed plan and therefore reopening his case will provide him no relief.

Moreover, as Webster's objection to the DOJ claim had been overruled, he was required to pay the priority claim of $74,048 over 60 months. The bankruptcy court found (and his schedules make obvious) that the payment of that claim in full through the plan, required under § 1322(a)(2), was not possible. Webster offered no evidence or even

argument in his motion to reopen nor on appeal as to how he would be able to pay that claim through a chapter 13 plan.

As the bankruptcy court also noted, even if the case could have been reopened under § 350(b), the request was made well beyond what might be deemed a "reasonable period" of time. *Fanning v. Alta Gold Co. (In re Alta Gold Co.)*, 236 F.App'x. 266, 267 (9th Cir. 2007) ("Given the length of time the case was closed and the opportunities that [the party] had to raise the concerns [it now raises], the bankruptcy court did not abuse its discretion in refusing to reopen the case after three years.") (citing *Vasquez v. Adair (In re Adair)*, 253 B.R. 85, 89 (9th Cir. BAP 2000) ("[I]t is appropriate to consider the length of time between closure of the case and the request to reopen.")).

The bankruptcy court did not abuse its discretion in denying the motion to reopen.

## CONCLUSION

For the reasons set forth above, we AFFIRM.